# JOEL D. HARVEY

*v.*

# MARCUS D. DREW.

1. PLEADING—*plea to suit for contribution.* Where one joint debtor is sued and compelled to pay a debt, and sues his co-obligor for contribution, alleging the recovery of judgment against himself and its satisfaction, a plea by the defendant that the court had no jurisdiction of his person, by service or otherwise, presents no defense to the action. If the suit was upon the judgment, it would be otherwise.

2. JUDGMENT—*when no jurisdiction.* A party can not have execution of a judgment rendered in another State, where the court had no jurisdiction either of the subject matter or of the person of the defendant.

3. CONTRIBUTION—*right to recover.* The principle is well settled, that one obligor or surety who advances money for a co-obligor or co-surety, may be indemnified to the extent of his advances for such other party.

4. Where one of two joint obligors discharges the indebtedness, either with or without suit and legal compulsion, he may maintain his action against his co-obligor for contribution.

5. In a suit by one obligor against his co-obligor, for contribution for money advanced to discharge a joint indebtedness, it is competent for him to plead, or even prove under the common counts, that the money was not voluntarily advanced, but was paid under compulsion, by judicial process.

6. PAROL EVIDENCE—*to show for what judgment was recovered.* In a suit by one joint obligor against another, for contribution for money paid under a judgment rendered in another State, parol testimony is admissible to show for what the judgment was recovered, not to contradict the record, but to show the real cause of action involved in the litigation.

7. REMEDY—*whether at law or in equity.* If two parties contract a joint indebtedness, not as partners but as joint purchasers, and one is compelled to pay money for the other on such indebtedness, his remedy is at law and not in equity, notwithstanding equities may have arisen since the making of the contract.

8. INTEREST—*on money advanced by joint obligor.* Where one of two joint obligors advances money in payment of the joint indebtedness, he will be entitled to recover of his co-obligor interest, at the rate of six per cent, from the date of such advance.

APPEAL from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding.

Messrs. LAWRENCE, CAMPBELL & LAWRENCE, for the appellant.

Messrs. MILLER & FROST, for the appellee.

' Mr. JUSTICE SCOTT delivered the opinion of the Court:

On the 13th day of July, 1865, defendant and plaintiff, in connection with four other persons, contracted with the owners for a release and assignment of their interest in contracts for the purchase of certain property known as the " Rooker farm," for the sum of $107,500. The conveyance was to be made upon the full payment of the contract price, which was to be paid $27,500 cash in hand, and the balance in monthly installments of $16,000 each, with interest. All the purchase money was paid as it became due, except the last installment of $16,000, with the interest that had accrued thereon. On this last installment, suit was brought in the Supreme Court of New York, against plaintiff and others, and judgment obtained for the whole amount, with interest and costs. This judgment was subsequently compromised by plaintiff and Bates, one of the obligors, for an amount less than what was justly due. This action is brought to recover of defendant his aliquot share of the amount paid by plaintiff to discharge their joint obligation.

The declaration contains special and the common counts. In the special counts it is averred, in substance, plaintiff and defendant, in connection with the other persons named, had entered into a contract with the owners for the purchase of certain property for the sum of $107,500, of which $27,500 was paid in cash, and the balance to be paid in monthly installments of $16,000 each, which contract was a joint obligation, under seal; that a judgment was obtained by the owners of the indebtedness, in the Supreme Court of New York, for the amount of the last installment, and it is then averred plaintiff had discharged that judgment, by reason whereof defendant became liable to pay him his proper proportion by way of contribution.

The general issue was filed to all the counts, *nul tiel record* as to the judgment described in the first and second counts, and a third plea as to the first and second counts, in which it was averred the supposed judgment recovered in New York was rendered in a cause in which the court had no jurisdiction of the person of the defendant, by service of process or otherwise. The latter plea presented no defense to the action, and a demurrer was properly sustained to it. Had the declaration been upon the judgment to enforce it against defendant. the plea, under the decisions of this court, would have been good. A party can not have execution of a judgment rendered in another State, where the court that assumed to pronounce it had no jurisdiction either of the subject matter or the person of defendant. But that is not this case. It is not to enforce the judgment obtained in New York against defendant. The obligation upon which the declaration counts, springs out of the contract entered into by the parties for the purchase of the oil land. That, as we have seen, is a joint obligation, and the principle is not questioned, as we understand counsel, that one obligor or surety who advances money for a co-obligor or co-surety may be indemnified to the extent of his advances. *Klein* v. *Mather*, 2 Gilm. 417, and other cases in this court.

It is, therefore, wholly immaterial whether defendant was served with process in the suit in New York or not. It is not sought, in this action, to enforce that judgment, or any obligation arising under it, against defendant. It is not, in any sense, the foundation of the action. No doubt it was a valid judgment against plaintiff, and it is pleaded simply to show in what manner plaintiff paid the indebtedness for which he and his co-obligors were liable. But the same obligation would have rested upon defendant to pay his aliquot share, had plaintiff discharged their joint indebtedness without suit. It was, however, competent to plead, or even prove under the common counts. the money was not voluntarily advanced, but was paid under compulsion by judicial process.

There is not the shadow of a doubt the judgment in New

York was rendered upon the contract of plaintiff and defendant and their co-obligors, which they gave to secure the purchase money of the oil lands, in which enterprise they were engaged. It has never been doubted that parol testimony was admissible to show for what the judgment was recovered, not, of course, to contradict or vary the record, but to show the real cause of action involved in the litigation.

No importance need be attached to the judgment, in any view. The evidence offered, as we have seen, was admissible under the common counts, and we shall not consider the great number of mere technical objections urged to the transcript in evidence.

Treating the obligation of defendant as arising out of the contract for the purchase of the oil lands, the case presents no obstacles to a recovery. It was a speculation, upon which the parties embarked as joint purchasers, and not as partners. As originally made, the contract had no elements of a partnership. The relation of the parties to each other was that of joint obligors, and the duties arising out of that relation may be enforced at law. Indeed, that is the proper forum. Equities may have arisen subsequently to the making of the contract between the parties, that could be better adjusted in a court of chancery. But this litigation concerns nothing save the legal rights of the parties under the contract. The duty resting upon defendant to pay his just proportion of the indebtedness, by way of contribution, is a legal obligation, and arises by operation of law.

The point is made, defendant, by the judgment of the court below, is made to pay more than his just share of the joint indebtedness. We do not think so. Defendant is one of six joint obligors, and his undertaking was to pay one-sixth of the contract price of the lands bought. His obligation is not affected by the proportion of the land itself he may have subsequently owned. Bates had contributed more than his just share of the indebtedness in discharging the judgment, consequently plaintiff could recover nothing from him by way of contribution. The mode adopted for ascertaining the share

39—82D ILL.

defendant was bound to pay was correct, and was the only one that would do complete justice.

. The court allowed plaintiff interest on his claim, at the rate of six per cent per annum, from the date of payment, although no demand for contribution had been made previous to commencing the suit, and that is one of the errors assigned. Our present statute allows a creditor interest, at the rate of six per cent per annum, on money "advanced for the use of another." But that statute was not in force when this suit was brought or cause of action arose.

The case of *Snell* v. *Warner*, 58 Ill. 42, is exactly like the one at bar, and was decided when our former interest laws were in force. Although the point does not seem to have been made in that case, interest was allowed plaintiff on his claim, at the rate of six per cent per annum.

A majority of the court are of opinion, in this case interest was properly allowed from the date of payment, and the judgment will be affirmed.

*Judgment affirmed.*