394          CASSADY *v.* BOARD OF TRUSTEES, ETC. [Sept. T.

Opinion of the Court.

## FRANCIS CASSADY

*v.*

## THE BOARD OF TRUSTEES, ETC.

1. PLEADING—*joinder of counts upon several penal bonds.* In suits upon official bonds the plaintiff has no right to join counts upon several bonds in the same declaration, and recover judgment in debt for the gross amount of the penalties to be satisfied by the payment of the damages, against one who is surety on all the bonds. The penalty in each bond stands as security for damages for the breach or breaches of that particular bond only, and a plaintiff holding several such bonds has no right to have as security for the breaches of any one of the bonds, the gross sum of all the penalties in his several bonds. The plaintiff must take a separate judgment for the penalty of each bond.

2. SURETY—*right to contribution.* Where a surety on all of several official bonds is compelled to pay damages on any one of them, he will have the right to call on his associates on that bond for contribution, and when his associates are different in the other bonds, this right would be defeated by a recovery in one suit upon more than one bond.

APPEAL from the Appellate Court of the Second District; the Hon. JOSEPH SIBLEY, presiding Justice, and the Hon. EDWIN S. LELAND and Hon. NATHANIEL J. PILLSBURY, Justices.

Mr. GEORGE S. HOUSE, for the appellant

Messrs. HILL & DIBELL, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

In October, 1874, one Nicholas Tyghe was appointed treasurer of town 35, range 10, in Will county, for the term of one year, and gave bond with securities for the faithful performance of his duties as such.

He was afterwards successively re-appointed to that office, so that he held the office under successive appointments until some time in June, 1877, he was removed from office and a successor appointed. He had under each appointment given

an official bond with securities.    The securities on these bonds were not in all cases the same, but Cassady, the appellant, was one of his securities on every one of these three bonds.

This is an action, brought against Cassady alone, claiming a debt of $90,000, and as damages $30,000.    In the declaration are counts on each of these bonds separately.    In each bond the penalty named was $30,000, and in each count the damages for the breach of the condition of the bond in that count are alleged to be $10,000.

On trial the issues were found against the defendant, and there was a general finding for $90,000 as debt, and $10,412.84 as damages, and judgment was rendered upon the findings, and the court ordered that "said debt be discharged upon the payment of the damages and costs."

From this judgment Cassady appeals to this court.

Counsel for appellant insists that under our statute as to the mode of proceeding in actions on penal bonds, it is erroneous to join counts on more than one such bond in one action.    Under this statute the debt for which judgment is rendered is not to be collected, but "the judgment for the penalty shall stand as security for such other breaches as may afterwards happen," etc.    It is plainly the intention of the statute that the judgment for the penalty in each bond of this character shall stand as security for damages for the breach or breaches of that particular bond.    A plaintiff holding several such bonds has no right to have, "as security for the breaches" of any one of these bonds, a judgment for the gross sum of all the penalties in his several bonds.    The statute plainly contemplated a separate judgment for the penalty of each bond.    To permit the practice adopted in this case would lead to confusion and injustice.

Cassady having paid the damages under any one of these bonds, must have the right to call upon his associates on that bond for contribution.    How can his rights in this respect be ascertained under the mode of proceeding adopted here? Again, the damages are assessed at $10,412.    By the declara-

tion no more than $10,000 damages arose from the defaults under any one bond. If these damages all arose from defaults in violation of only one bond, under this declaration no more than $10,000 could be assessed in that regard.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*