## Henry C. Whittemore et al., Executors, Appellees, v. Howard K. Weber et al., Appellants.

1. STATES, § 12*—*what is compensation of treasurer.* The treasurer of the State of Illinois is not entitled to any compensation other than his salary.

2. BONDS, § 41*—*when statute as to separate judgment does not apply.* Hurd's Rev. St. ch. 110, sec. 35 (J. & A. ¶ 8572), relative to actions on penal bonds, and separate judgments therein, does not apply to procedure in a probate court.

3. PRINCIPAL AND SURETY, § 91*—*what is basis of right to contribution.* The obligation of a surety to contribute to a cosurety who has paid to the obligee a judgment recovered by the latter for the penalty of the bond does not arise out of such judgment, but from the relation of cosurety and the payment by one of them of an amount in excess of his proportionate share of a joint obligation.

4. PRINCIPAL AND SURETY, § 96*—*how extent of surety's liability is determined.* In ascertaining the amount to be contributed by the other sureties on the bond of a State treasurer to their cosurety who had paid to the State a judgment recovered by it against him for the amount which the treasurer was in default, such sureties are not entitled to charge against the surety interest which the State failed to collect in order to reduce their proportionate shares.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. PRINCIPAL AND SURETY, § 98*—*where right of contribution is enforceable.* A suit for contribution by cosureties is maintainable under the original jurisdiction of a court of chancery.

6. EXECUTORS AND ADMINISTRATORS, § 382*—*what is effect of statute as to subjection of realty to payment of debts.* The statutory remedies given by the Statute of Frauds were intended to enlarge and not to take away or limit existing remedies.

7. EXECUTORS AND ADMINISTRATORS, § 231*—*when contingent claim must be filed.* Section 70 of the Administration Act (J. & A. ¶ 119), requiring claims to be filed against estates within two years, does not bar a claim which was contingent during the time the estate was being administered.

8. DESCENT AND DISTRIBUTION, § 72*—*what is liability of heir for debt of estate.* The rule at law that an heir is only liable for a debt of the estate to the extent of the value of the realty descending to him and that the distribution of personalty will not make him liable is not the rule in equity.

9. APPEAL AND ERROR, § 1327*—*what may be presumed as to equity of decree.* Where, on appeal from a decree awarding complainant contribution from his cosureties, the details of the computation by which the extent of the liability of widows of deceased sureties are not given, it will be presumed that the lower court made a just and equitable apportionment of the burden.

10. ABATEMENT AND REVIVAL, § 65*—*how death of defendant should be pleaded.* Want of necessary parties to a suit in that the personal representative of a defendant estate died pending the suit and no other administrator has been substituted should be pleaded in abatement and a better writ given.

11. DESCENT AND DISTRIBUTION, § 72*—*extent of liability of heir for debt of ancestor.* The liability of the heirs of a deceased surety against whose estate contribution is awarded is joint and several, and where each heir received more from the estate than he was held liable for under the decree, there is no error in holding each personally liable.

12. DESCENT AND DISTRIBUTION, § 72*—*when distribution of personalty to heir is established.* On a bill by a surety against his cosureties for contribution, the allegations of the bill as to the receipt of personalty or realty by the heirs of a deceased cosurety, *held* sufficient and such matter *held* to be covered by ample proof as well as by admissions and stipulations.

13. JUDGMENT, § 503*—*when argument on appeal does not operate as estoppel to subsequent suit.* On a bill by a surety on the bond of a State treasurer against whom the State had recovered judgment on such bond to enforce contribution from his cosureties,

:See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

the fact that in his brief filed in the Supreme Court in the suit brought by the State he argued that the State's failure to file claims against the estates of two of his deceased cosureties released him for their proportionate share, which contention was not sustained by the court, does not create an estoppel against his seeking to enforce contribution from such estates.

14. PRINCIPAL AND SURETY, § 98*—*when costs may be recovered.* A surety may recover from his cosurety for the cost and expenses of defending a suit against him by the obligee if such defense is to be regarded as prudent.

15. LIMITATION OF ACTIONS, § 24*—*how limitation of surety's right to contribution is computed,* A surety's right to contribution arises, so as to set in operation the statute of limitations, when such surety paid more than his proportionate share of the total liability.

Appeal from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding. Heard in this court at the October term, 1919. Affirmed in part, reversed in part with directions. Opinion filed April 27, 1920. *Certiorari* denied by Supreme Court (making opinion final).

LOGAN HAY and B. L. CATRON, for appellants.

GEORGE B. GILLESPIE, T. W. QUINLAN and GEORGE M. GILLESPIE, for appellees.

MR. JUSTICE WAGGONER delivered the opinion of the court.

Appellees, as executors of the last will and testament of Floyd K. Whittemore, deceased, brought a suit in equity against appellants, for contribution. Edward Rutz was elected treasurer of Illinois for the two years' term beginning in January, 1881, and gave a bond for $500,000 with Floyd K. Whittemore, Howard K. Weber, J. H. Schuck, William Jayne, Frank W. Tracy, Samuel H. Jones, James M. Darneille, C. E. Wolf, William McCague and George M. Brinkerhoff as sureties. George M. Brinkerhoff is insolvent. C.

E. Wolf and William McCague died leaving no estates. This suit is to compel the living cosurety Howard K. Weber, and the personal representatives, heirs, devisees and legatees of the deceased cosureties, who were solvent and left estates, to reimburse appellees for the amount paid by them on account of a breach of the bond.

It is said that no breach of the bond was proven. Such is not the case. The evidence shows that Edward Rutz made a voucher and filed it with the Auditor of Public Accounts, which voucher was payable to Edward Rutz, State Treasurer; was issued for expenses of receiving, disbursing and keeping accounts of taxes collected, for the payment of interest, etc., on registered bonds of the localities named, including clerical services for the work in State Treasurer's office on account of such registered bonds and other expenses in connection therewith, as estimated by the Auditor and Treasurer in pursuance of law. The Auditor issued a warrant, on the voucher, to Edward Rutz, State Treasurer, dated September 30, 1882, for $9,541.85. The warrant was countersigned, registered and indorsed by Edward Rutz. Certified copies of the voucher and warrant, now on file in the Auditor's office, were introduced in evidence and were sufficient to show that Edward Rutz on September 30, 1882, paid the sum of $9,541.85 to himself from money in the State treasury for and on account of the items he claimed were due him under the voucher. This he was not entitled to, as the money belonged to the State of Illinois, and he was not entitled to any compensation other than his salary. (*Whittemore v. People,* 227 Ill. 453; *People v. Whittemore,* 253 Ill. 378.)

Edward Rutz was State Treasurer from 1877 to 1879 and again from 1881 to 1883. Appellee's testate was on both bonds given by Edward Rutz, but the sureties were not the same on the two bonds. It ap-

pears from the evidence that on February 17, 1908, the State of Illinois filed a claim in the probate court of Sangamon county against the estate of Floyd K. Whittemore on the warrant dated September 30, 1882, for $9,541.85, and that such claim was allowed. On an appeal to the circuit court of Sangamon county the claim was again allowed, and the judgment subsequently affirmed by the Supreme Court. (*People v. Whittemore*, 253 Ill. 378.) On November 18, 1912, appellee paid to the State Treasurer $18,828.10 and took his receipt therefor, showing that such payment was for the purpose of refunding to the State the amount that had been paid to Edward Rutz for receiving, disbursing and keeping accounts of the registered bond funds by warrants dated September 30, 1878, for $9,286.25, and September 30, 1882, for $9,541.85. Appellants claim that under section 35 of chapter 110, Hurd's Statute, a separate judgment should have been rendered for the penalty of each bond, with an assessment of damages for such breaches as were proven. This section of the statute does not apply to procedure in a probate court. (*Thomson v. Black*, 200 Ill. 465.) However, it is wholly immaterial for the reason that the obligation does not arise out of the judgment but from the relation of cosurety and the payment by one of them of an amount in excess of his proportionate share of a joint obligation. (*Harvey v. Drew*, 82 Ill. 606.) The case of *Cassady v. Board of Trustees*, 93 Ill. 394, cited by appellants, has no application to the facts in this case. The fact that a bond merges in a judgment is of no significance. The contention that the receipt shows payment on another account is not tenable. The evidence establishes definitely that the warrant for $9,541.85 was a part of the judgment, and it is also clear that the receipt, and judgment are consistent and both cover the same warrant.

The decree was that appellees recover $1,815 from

each of the six solvent cosureties by way of contribution. Appellants claim that the amount should have been $1,743.51, and for that reason the decree is excessive. They say that interest from February 17, 1908, the date the State filed its claim in the probate court, until November 18, 1912, the date of the receipt showing payment of the money back into the State treasury, should be added to the amount of the warrant $9,541.85, making the total sum $11,809.37. That the share of each of the seven solvent cosureties would then be $1,687.05. Appellants then say appellees' payment of $9,541.85 would give rise to a right to contribution only in the sum by which it exceeded $1,678.05. That is not correct. If appellees paid $9,541.85, as appellants contend, then appellees' share was one-seventh of that sum and not one-seventh of the larger amount. It would be manifestly wrong to take one-seventh of the larger sum ($11,809.37) in figuring appellees' share, and then subtract it from the smaller amount ($9,541.85) to figure the shares of the appellants. The same figures should be used in determining appellants' shares. Appellants are trying to charge appellees for interest that the State failed to collect. That would not be equitable. No just complaint is made as to the amount of the decree, and we hold that the amount so found by the court is correct.

Frank W. Tracy died, testate, in 1903. Samuel H. Jones died, testate, in 1907. James M. Darneille died, intestate, in 1888. In this suit appellees have made the heirs and devisees of the deceased cosureties defendants, and appellants claim that no right to recover from the heirs and devisees of Samuel H. Jones, Frank W. Tracy or James M. Darneille has been proven; that a recovery must be under section 97 (chapter 3) of the Administration Act or under section 12 (chapter 59) of the Statute of Frauds, and argue that since it is apparent that no recovery is

here sought under such section 97 of the Administration Act, that appellees therefore predicate their right to recover upon section 12 of the Statute of Frauds. Appellants contend that under section 12 of the Statute of Frauds, appellees must aver and prove that the personal estate of the decedent was insufficient to pay his debts; that the decedent died seized of realty which descended to his heirs, or passed to his devisees; that under sections 14, 15 and 16 of the Statute of Frauds the personal representative must be joined, or it must be averred and proved either that appellees have pursued the claims against the personal representative to judgment, and that there is no property to satisfy it in the hands of the personal representative, or that administration was not had on the estate within a year, and that there is no such averment or proof shown by the record in this case.

No effort is being made to recover under the sections of the Statute of Frauds above mentioned. This suit is maintainable under the original jurisdiction of a court of chancery. The statutory remedies were intended to enlarge, and not to take away or limit the remedies theretofore existing. (*Union Trust Co. v. Shoemaker,* 258 Ill. 564; *Mackin v. Haven,* 187 Ill. 480; *Snydacker v. Swan Land and Cattle Co.,* 154 Ill. 220.) The claim of appellees being contingent during the time the estates of Samuel H. Jones, Frank W. Tracy and James M. Darneille were being administered, section 70 of the Administration Act, requiring claims to be filed against estates within two years, does not bar it. (*Union Trust Co. v. Shoemaker,* 258 Ill. 564.) It is true that at law an heir is only liable to the extent of the value of the realty that descends to him, and that the distribution of personalty will not make him liable (*People v. Brooks,* 123 Ill. 246), but such is not the rule in equity. *Union Trust Co. v. Shoemaker,* 258 Ill. 564, 573.

Appellants insist that it was error to hold the widows of James M. Darneille and Samuel H. Jones liable on account of the dower interest they received. There is nothing to show they were held liable on such grounds. On the contrary, the widow of James M. Darneille received more than enough in personalty to pay her share of the judgment, hence, it is evident that she was not charged on account of her dower interest. The widow of Samuel H. Jones received land in lieu of dower, but there is nothing to show that such land was not in excess of her dower. The details of the computation not being given we must presume that the court made a just and equitable apportionment of the burden. *Dauel v. Arnold,* 201 Ill. 570, 580.

Appellants further claim that there is a want of necessary parties in that the personal representatives of James M. Darneille's estate died pending this suit and no other administrator has been substituted. The evidence shows that the estate has been settled, and there is no evidence that there is an administrator. Such matters should be pleaded in abatement and a better writ given.

It is also claimed that the heirs of Samuel H. Jones should not be held liable jointly for the amount due from his estate, and the same contention is made in regard to the heirs of Frank W. Tracy and of James M. Darneille. The liability of the heirs was joint and several. (*Mackin v. Haven,* 187 Ill. 480, 496.) Each heir received far more from the estate than he is here held liable to pay, and there was no error in holding them personally liable. *Mackin v. Haven, supra.*

The contention that there are no averments or proof that the heirs of Samuel H. Jones, Frank W. Tracy and James M. Darneille received personalty or realty from said estates is not well taken. The bill contains sufficient allegations, and there was

ample proof as well as admissions and stipulations covering the matter.

The suggestion that appellees are estopped from claiming contribution for the reason that in their brief filed in the Supreme Court in the case of *People v. Whittemore,* 253 Ill. 378, 381 and 385, they argued that the failure of the State of Illinois to file claims against the estates of Frank W. Tracy and of Samuel H. Jones should release the Whittemore estate for their proportionate share, is not well taken. The Supreme Court, notwithstanding such argument, held Whittemore's estate for the full amount. The elements of an estoppel are not thus shown. *Siegel, Cooper & Co. v. Colby,* 176 Ill. 210.

A cross-error was assigned on account of the refusal of the circuit court to allow appellees to recover for costs, expenses and attorneys' fees in defending the case of *People v. Whittemore,* 253 Ill. 378. The sum of $500, so claimed, is reasonable and should have been allowed. The better rule is that a surety may recover from his cosurety for the cost and expenses of defending a suit if such defense is to be regarded as prudent. (*Wagenseller v. Prettyman,* 7 Ill. App. 192, 197; 6 R. C. L. page 1039; Puterbaugh's Pl. & Pr., chancery, 6th Ed., page 544.) Appellants do not challenge that the defense was prudent. Appellants further urge that the claim is barred by the statute of limitations. As to when appellees employed and paid their attorneys is immaterial. The right to contribution arose on November 18, 1912, when appellees paid more than their proportionate share of the total liability, and that was within five years. No bar has intervened. The fact that this claim was defended with another was a benefit to appellants and made the cost less by approximately one-half. No objection is urged, by appellants, on this ground.

The decree rendered in this case should be affirmed except in respect to the cross-error assigned. As to

the cross-error, the decree should be reversed with directions to enter a decree allowing appellees to recover, from appellants, $500 as costs and expenses in defending the case of *People v. Whittemore* hereinbefore referred to.

*Decree affirmed in part and reversed in part with directions.*