**Adolph Schaefer, Defendant in Error, v. August Dippel, Plaintiff in Error.**

**Gen. No. 7,914.**

Opinion filed September 20, 1928.

GEORGE W. HUNT, for plaintiff in error.

CHARLES W. HELMIG and BUTTERS & BUTTERS, for defendant in error.

MR. PRESIDING JUSTICE JONES delivered the opinion of the court.

Adolph Schaefer brought a suit in assumpsit against August Dippel for contribution and recovered a judgment for $5,674.49. The cause was tried by the court without a jury and was referred to the master in chancery, as referee, under an agreement that objections and exceptions to the master's report should be deemed propositions of law tendered to the court.

The facts were stipulated and are substantially as follows: On April 27, 1920, Schaefer and Dippel purchased, as tenants in common, a farm in Indiana from

The Northern Indiana Land Company for $58,233.76. The Northern Indiana Land Company was a subsidiary of The Straus Brothers Company. Payments for the land were made in the following manner: (1) A "cash" or "down" payment of $16,500. This payment was made by Schaefer who mortgaged a farm he owned in Minnesota for that amount to The Straus Brothers Company. Dippel furnished no part of this payment. His only obligation on account of it was to Schaefer for one-half of said sum or $8,250; (2) Notes signed by Schaefer and Dippel for $27,000 and secured by a first mortgage on the Indiana land; (3) A note for $14,733.76, secured by (a) a second mortgage on the Indiana land executed by the purchasers and their respective wives, (b) a second mortgage on Schaefer's Minnesota land and (c) a second mortgage on land in Ohio owned by Dippel.

Foreclosure proceedings were threatened against Dippel's Ohio land by the holders of a first mortgage thereon and in order to settle the matter, he conveyed the land to The Straus Brothers Company. The grantee assumed the payment of the first mortgage, taxes, judgment, and other liens against the land and paid Dippel a small cash consideration. The second mortgage on the Ohio land was released by The Straus Brothers Company, but the transaction did not in any way reduce the indebtedness of Schaefer and Dippel to The Straus Brothers Company.

On account of default in the payment of interest, foreclosure proceedings were started in Indiana against the land purchased by Schaefer and Dippel. Personal service was had on Schaefer and service by publication was obtained against Dippel. A defense was interposed by Schaefer, but a decree for foreclosure was entered and the premises were sold under execution in that proceeding. The sale failed to realize the amount of the debt, interest and costs due, and a personal deficiency judgment for $10,025.20 was

rendered against Schaefer. No personal judgment was rendered against Dippel.

Suit was also brought in Minnesota to foreclose the first mortgage on Schaefer's land for $16,500 and also for the balance due on the second mortgage, which after the sale of the Indiana land was $10,025.20. During the pendency of this suit in Minnesota, a proposition of settlement was made by The Straus Brothers Company and accepted by Schaefer and Dippel. The substance of it was that Schaefer and Dippel should convey to Abe Ackerman, a member of The Straus Brothers Company, all their interest in the Indiana lands; Schaefer should also convey to Ackerman his Minnesota land; both Schaefer and Dippel should refrain from going into bankruptcy for four months after the date of the recording of the deeds of conveyance; they should assign their interest in certain policies of fire insurance, and if said agreement was complied with, both debtors were to be fully released and discharged from all liability to The Straus Brothers Company. The agreement further provided that Schaefer could occupy 100 acres of the Indiana land by paying to The Straus Brothers Company $500 as rent.

The agreement was fully performed by the parties, and Schaefer claims that in this settlement he paid out on the joint obligations more than was paid thereon by Dippel. The first count of the declaration avers that Schaefer paid $5,012.10 more than Dippel in satisfaction of the above-mentioned indebtedness. The second count is for $8,250, being one-half of the above mentioned "cash" or "down" payment. Three pleas were filed, one of the general issue, one of accord and satisfaction, and one of the statute of limitations as to said claim of $8,250. The trial court found that the right of action for the said sum of $8,250 (being one-half of the "down" payment) accrued more than five years prior to the bringing of this suit and was therefore barred by the statute of limitations. That holding was

correct. Dippel did not promise in writing to pay any portion of the $16,500 note. His obligation to Schaefer on account of that transaction was not evidenced by any written instrument and, therefore, it is now barred by the statute of limitations. Nor can the doctrine of contribution apply to the "cash" or "down" payment made by Schaefer. He raised that money on his individual obligation. Dippel did not promise to pay The Straus Brothers Company any part of that indebtedness. The only person Dippel owed on account of it was Schaefer. The relation of debtor and creditor existed between him and Schaefer, but there was no relation of co-obligors between them; hence there is no right of contribution.

But the trial court found that Schaefer was entitled to contribution from Dippel for a sum equal to one-half of the said deficiency judgment, together with interest thereon amounting in all to $5,674.49. Judgment for this sum and costs was rendered against Dippel and he has taken an appeal to this court.

Before one is entitled to contribution from his co-obligor, the evidence must disclose that he has paid more than his just proportion of the joint indebtedness and it must also disclose what that excess is. (*Harvey v. Drew,* 82 Ill. 606.) An analysis of the facts shows that in making the settlement with The Straus Brothers Company, Dippel contributed (1) his interest in the Indiana land, (2) his interest in certain fire insurance policies and (3) his agreement not to go into voluntary bankruptcy. Schaefer contributed the same things as Dippel, and in addition thereto, he contributed his interest in the Minnesota land. In other words Schaefer's contribution toward the payment of the joint indebtedness exceeded Dippel's contribution to the extent of the value, if any, of Schaefer's interest in the Minnesota land. If that interest had any value, Schaefer is entitled to contribution. If it had no value, he is not entitled to any contribution.

Upon the rendition of the deficiency judgment in Indiana, Schaefer and Dippel were indebted to The Straus Brothers Company in the sum of $10,025.20 as joint obligors. As between them they were equally liable. If that indebtedness became reduced by payments made by them jointly, their liability for contribution was correspondingly decreased. If the interests in the Indiana land, the interests in the insurance policies, and the agreements not to go into bankruptcy, had any money value, then such value must be deducted from the amount of the deficiency judgment in determining the amount of contribution which might be required. Dippel could not be liable for more than one-half of the amount of the deficiency judgment after deducting whatever value such joint contributions had.

We will first consider what, if any, money value Dippel's contributions had. As to his interest in the Indiana land, the record shows that the land was offered for sale at public vendue and failed to bring the amount of the indebtedness against it by $10,025.20, and that a deficiency judgment was rendered for that sum. Under the circumstances we must assume that the land was worth no more than it brought, unless, as Dippel claims, he and Schaefer possessed an equity of redemption, such as is allowed in Illinois, and that it had a money value. It is argued that in the absence of anything in the record showing to the contrary, the law in Indiana with relation to the right of redemption must be deemed to be the same as in Illinois. It is true that courts of this State will presume that the common law of England is in force in other jurisdictions unless the contrary appears, but a different rule of law prevails as to existence of statutes in other States. In *Shannon v. Wolf,* 173 Ill. 253, on page 260, it is said: "It is a well established doctrine, that no court will take judicial notice of the laws of a foreign country or State, but that the same must be averred and proved as facts." To the same effect are *Leathe v. Thomas,* 218 Ill. 246,

and *Julius Levin Co. v. Rosenfield,* 230 Ill. App. 126. The right to redeem as it exists in this State is purely a statutory right. We cannot assume what the right of redemption is in Indiana or that the right exists at all. The written proposal of The Straus Brothers Company makes no mention of such a right, and since the record does not disclose its existence, it would be impossible for us to say that it did exist or that it had a money value. It appears from the proposal that Schaefer was permitted to occupy only a portion of the land and was required to pay rent for it. There is evidence in the record which tends to show that so far as Schaefer and Dippel are concerned, there was nothing of value in the land remaining to them after the sale.

As to the value of the fire insurance policies assigned, the record is silent. All it shows is that Dippel and Schaefer assigned the policies on the Indiana property and Schaefer, alone, assigned a policy on his Minnesota property. Under the circumstances of this case, we are inclined to apply the maxim *de minimis non curat lex,* the law does not notice or concern itself with trifling matters. The same can be said about the agreement not to go into bankruptcy. The trial court was justified in acting upon the theory that these con · tributions were of no real or money value.

The next question to be determined is whether or not the interest of Schaefer in the Minnesota lands had a money value, and if so, to what extent. From a consideration of the whole record, we are forced to the conclusion that the entire debt due The Straus Brothers Company was paid in full. It therefore follows that if the above-mentioned joint contributions made by Dippel and Schaefer were of no real or money value, then the deficiency judgment was settled wholly out of the value remaining in Schaefer's Minnesota land. Such being the case, he became entitled to contribution from his co-obligor of one-half of the amount

of the deficiency judgment, with interest thereon. Such was the judgment of the trial court.

Considerable discussion appears because the debt of Schaefer was merged in the decree and judgment of the Indiana court, while the nature of the indebtedness as to Dippel was left in its original form. We can see no force in such discussion. The relation between Schaefer and Dippel remained the same at all times. Excepting the $16,500 Minnesota mortgage, they were co-obligors as to the entire indebtedness. All of it was a lien on the Indiana lands and an obligation against both Schaefer and Dippel. It makes no difference that the indebtedness was evidenced by a judgment against one and a note against the other, or judgments against both or notes against both.

Counsel for Dippel maintain that there was an accord and satisfaction between Schaefer and Dippel, but we cannot agree with that contention. There was an accord and satisfaction between The Straus Brothers Company on the one part, and Schaefer and Dippel on the other, but there was no accord and satisfaction between Schaefer and Dippel.

The views we have expressed dispose of the contention of plaintiff in error relative to certain propositions of law, which were refused by the trial court. Those views are in harmony with the holdings of the trial judge, not only as to the law applicable to the case, but as to the facts as well.

The judgment of the trial court was correct and is affirmed.

*Judgment affirmed.*