(No. 35021.— )
LUETHA CUNNINGHAM, Trustee, Appellee, *vs.* GEORGE W. LAWRENCE, Appellant.

*Opinion filed March 20, 1959.*

BERNARD M. KAPLAN and PHILIP R. DAVIS, both of Chicago, for appellant.

CHARLES LEVITON & JEROME H. LEVITON, and KEANE, LANCASTER, KEANE, GOMBERG & BOLTON, both of Chicago, for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is an appeal from a decree of the superior court of Cook County sustaining plaintiff's motion to strike defendant's second amended answer and counterclaim and

entering judgment on the pleadings in favor of the plaintiff. A freehold is involved.

The defendant, George W. Lawrence, entered into a written property settlement agreement with his wife, Pauline. The agreement, in addition to settling matters concerning ownership of household goods, responsibility for a mortgage, expenses and incidental matters, provided that in the event the court granted the wife a divorce, an improved property at 3836-38 South Parkway in Chicago, including household goods, would be conveyed to the husband, and a three-story, six-apartment building at 6019-21 South Parkway and a three-story, three-apartment building at 424 East Forty-sixth Street, including household goods, would be conveyed to the wife; that the parties would sign necessary papers to effectuate the agreement; that all the conveyances were to be deposited in escrow and, upon entry of any decree of divorce, delivered to the respective parties. The agreement further provided that the conveyances were in lieu of all rights either party had against the other; that each party waived and was divested of all rights in the property of the other and the wife waived and was divested of all rights to alimony; and that the agreement was to be made a part of any decree for divorce entered in favor of the wife. On the date of the agreement all of the property stood in the joint names of the parties.

In conjunction with the execution of this agreement, each party signed a quitclaim deed conveying the respective property to the other party but the deeds were neither dated nor acknowledged. The deed signed by the defendant in favor of his wife described an entire block of real estate which included the 6019-21 South Parkway property as well as 45 lots not included in their agreement. The two deeds were deposited in escrow under a written agreement requiring the escrowee to retain the deeds until advised in writing that the divorce decree had been entered, and the

escrowee was then charged with delivering the deeds to the respective grantees.

Subsequently, the wife obtained a divorce from the defendant by a decree entered on October 5, 1951. The decree found the defendant guilty of desertion, that the parties had settled their property rights and that each was to convey the respective property agreed upon to the other; that each party was to sign any and all documents necessary to effectuate the provisions of the decree. It further ordered that the conveyances deposited with the escrowee were to be delivered upon the entry of the decree; that each party was to bear their own expenses and costs; that each was to have the household goods mentioned in the property settlement and that the defendant was to vacate the apartment he held at 6019-21 South Parkway. It also barred the wife from claiming any alimony and barred each party from any interest in the property of the other.

The escrowee was never advised in writing to deliver the deeds deposited under the escrow agreement and they were retained by the escrowee until after the filing of the present action.

On November 17, 1956, Pauline Lawrence died intestate. Plaintiff herein was subsequently appointed administrator of her estate and Prince C. Hugger was found to be the sole heir of the decedent. On January 21, 1957, Hugger conveyed the 6019-21 South Parkway and 424 East Forty-sixth Street properties to the plaintiff, as trustee under a trust agreement naming himself as a beneficiary thereof.

On February 4, 1957, the plaintiff filed a verified complaint in chancery alleging the facts related above; that the defendant was claiming title to the 6019-21 South Parkway and 424 East Forty-sixth Street properties and was collecting, through his agents, the rents and profits therefrom; that written notice of the entry of the decree had not been given to the escrowee as required by the

property settlement agreement but such notice was formal in nature and was not required by the divorce decree; that the divorce decree was final and binding upon the parties thereto and that the plaintiff should be declared the owner of the property in question. The complaint concluded with a prayer for a decree finding the plaintiff to be the owner of the property and asks for an accounting of rents and for an injunction restraining the defendant from interfering with the property. The decree of divorce, and the property settlement and escrow agreements were attached as exhibits. By amendment, the plaintiff added the prayer that the court order the escrowee to deliver to the plaintiff the quitclaim deed executed by the defendant in favor of his former wife.

The escrowee was permitted to intervene and deposit the deeds with the clerk of the court who was ordered to hold them pending final determination of this cause.

Defendant's answer, in substance, claims that, since the deeds were never in fact physically handed over to the respective grantees by the escrowee, the defendant and his former wife remained owners as joint tenants of the 6019-21 South Parkway property and at her death he became sole owner by right of survivorship. His answer admits the property settlement and escrow agreements and the execution of the deeds pursuant thereto but avers that the deed executed by him was not the deed contemplated by the agreement in that it contained other property than that which was agreed upon; that the escrow agreement was never completed; and that no notice of the entry of the divorce decree nor a demand for delivery of the deeds was given to the escrowee. The answer also admits that the decree for divorce is final and binding but asserts that the parties waived the provisions of the decree requiring performance of any acts by the parties thereto; that they rescinded and abandoned the property settlement and escrow

agreements and for that reason the court, in the present action, should not enforce the divorce decree.

Defendant's counterclaim alleges the abandonment of the property settlement and escrow agreements and waiver of performance of any acts required by the divorce decree; that all contracts between defendant and his former wife were rescinded and cancelled; that in reliance on such abandonment he acknowledged that his former wife owned a one-half interest in the 3836-38 South Parkway property; that she joined with him in a note for $15,000 secured by a mortgage on this property and received part of the proceeds of the loan; that the holder of the note and mortgage did not file a claim against her estate; that he would be compelled to pay the full amount due under the note and, therefore, the plaintiff in this action should be compelled to contribute payment for one half of the obligation. The counterclaim further alleges that the escrowee was never advised in writing that the divorce decree had been entered or to deliver the deeds deposited in escrow; and that upon the death of his former wife he became sole owner of their joint property by right of survivorship. The counterclaim prays that the deed from Hugger to the plaintiff be declared void; that defendant be declared owner in fee simple of the three separate parcels of real estate; that the deeds deposited in escrow be cancelled; that the plaintiff be compelled to contribute one-half of the amount due under the note secured by the mortgage on the 3836-38 South Parkway property; and that the plaintiff be decreed to have no interest in the 6019-21 South Parkway property.

Plaintiff's motion to strike asserts that defendant's answer and counterclaim are insufficient as a matter of law and do not state legal defenses to the complaint; that the allegations are vague and indefinite and violate the Statute of Frauds; that the defendant had admitted the property settlement and escrow agreements and the finality of the

divorce decree which was binding upon him; and that his claim for contribution was vague, indefinite and insufficient. The motion prayed for a decree in accordance with the prayer of the complaint.

After a hearing on the motion, a decree was entered finding that the defendant had admitted the material allegations of the complaint; that the alleged agreement to rescind the property settlement and escrow agreements, allegedly made subsequent to the decree of divorce, was not evidenced by a memorandum in writing and was unenforceable under the Statute of Frauds; and that the plaintiff had withdrawn the claim for an accounting of rents. The decree sustained plaintiff's motion to strike and dismissed the counterclaim for want of equity. It further held that the plaintiff is the owner in fee simple of the 6019-21 South Parkway and 424 East Forty-sixth Street properties; that plaintiff was entitled to the rents and profits and possession of said property from and after the death of Pauline Lawrence; that the plaintiff was entitled to possession of the deed from the defendant in favor of his former wife and the clerk was directed to deliver it to the plaintiff. The court retained jurisdiction of the cause for the purpose of entering necessary orders to carry into effect the terms of the decree. It is from this decree that the defendant has appealed.

Defendant contends that the undated and unacknowledged quitclaim deeds deposited in escrow did not convey title by reason of lack of delivery to and acceptance by the respective grantees and that the original decree of divorce could not operate to pass title from the defendant to his former wife. Such contentions misinterpret the clear provisions of the divorce decree. The decree found that defendant and his wife, being fully advised and with knowledge of what they were doing, had voluntarily entered into the written agreement settling their property rights and that

the agreement was fair and equitable. It ordered that the wife was to have the premises in question as her sole and separate property; that each party was to sign the necessary documents to effectuate the terms of the decree; that the conveyances of the respective properties had been deposited in escrow as agreed upon and the escrowee was ordered to deliver the conveyances to the respective parties.

The agreement settling their property rights was made a part of and became merged in the decree of divorce. (See: *Brevet* v. *Brevet,* 316 Ill. App. 406; *Adler* v. *Adler,* 373 Ill. 361.) The divorce decree did not of its own volition attempt to transfer defendant's real estate to his former wife but did confirm the agreement of the parties and the voluntary act of the defendant in making the conveyance to his wife. Upon entry of the divorce decree, the wife became vested with ownership of the 6019-21 South Parkway property (*Walters* v. *Walters,* 409 Ill. 298,) and was entitled to have the deed transferred to her. The plaintiff in the present action is in privity of estate with defendant's former wife and is entitled to have the decree of divorce enforced, (*Ward* v. *Sampson,* 395 Ill. 353; *Kohl* v. *Montgomery,* 379 Ill. 579; *Oberein* v. *Wells,* 163 Ill. 101,) unless defendant has raised a good defense against such enforcement.

Defendant's principal defense is that he and his former wife waived the provisions of the divorce decree and abandoned the property settlement and escrow agreements. Such allegations are conclusions and cannot stand unless supported by allegations of fact. (*Stenwall* v. *Bergstrom,* 398 Ill. 377.) At no place in his answer or counterclaim does he allege any facts to indicate how, when or by what means the alleged waiver and abandonment were accomplished. Neither does he allege any specific acts of the wife from which a waiver might be concluded. The allegations to the effect that in reliance on his alleged abandonment he and

his former wife signed a note and mortgage in order to borrow money on the property which he received under the very same property settlement agreement which he now alleges to have been abandoned are not only inconsistent but have no bearing on the title to the property given to the wife. Accordingly, we agree with the trial judge that defendant's answer admits the material allegations of the complaint and that the counterclaim fails to state a cause of action.

These conclusions apply as well to defendant's further contentions to the effect that the plaintiff in the present action is guilty of *laches;* comes into equity with unclean hands; or is equitably barred from enforcing the divorce decree.

Defendant's claim for contribution equal to one half of the amount due under the note and mortgage jointly executed by defendant and his former wife also fails for many reasons, chief of which is that there is no allegation that he has paid more than his just proportion of the joint indebtedness nor what that excess, if any, might be. (*Trego* v. *Estate of Cunningham,* 267 Ill. 367; *Harris* v. *Buder,* 326 Ill. App. 471; *Schaeffer* v. *Dippel,* 250 Ill. App. 184; *Harvey* v. *Drew,* 82 Ill. 606.) Furthermore, he does not state the legal basis for such claim against the present plaintiff, a remote grantee.

The decree of the superior court of Cook County is affirmed.

*Decree affirmed.*