JEAN THOMAS, Plaintiff-Appellant, *v.* YOLANDA JOHNSON, Admr., *et al.,* Defendants-Appellees.

(No. 72-232;

Second District—June 12, 1973.

John Michela, of Petersen & Michela, of Kankakee, for appellant.

Shapiro & Lauridsen, of Kankakee, for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Jean Thomas, the plaintiff, appeals from a judgment which denied her complaint to quiet title to real estate in herself as a surviving joint tenant, and which confirmed the joint tenancy. The sole issue is whether a severance of the joint tenancy was effected by the provisions of a decree of divorce entered in the suit of plaintiff against her now deceased husband.

Jean Thomas and Mitchell W. Thomas, now deceased, were divorced on March 31, 1964. The husband did not appear and contest the divorce proceedings, but his counsel was present at the prove-up. At the time of the divorce the parties owned real estate in joint tenancy in Kankakee and Du Page Counties. The decree of divorce ordered:

> "* * * that all real estate owned by the parties hereto, including that in Kankakee and Downers Grove, Ill., shall be sold and the net proceeds thereof, divided, equally, between the parties hereto."

It was further ordered that the plaintiff waive alimony and that each of the parties pay his or her own attorney's fees.

On April 8, 1964, plaintiff and Mitchell W. Thomas executed separate deeds conveying the Kankakee property to the named purchasers. Each deed recited the conveyance of an undivided one-half interest.

Mitchell W. Thomas died testate on March 26, 1967. All of his property was bequeathed to one Margaret McCarthy. Plaintiff thereafter filed this action to quiet title to the Du Page County real estate which remained unconveyed, claiming the property entirely as the surviving joint tenant.

Margaret McCarthy died intestate on February 25, 1970. Her administrator was substituted and her sole heirs-at-law were added as party defendants.

No testimony was taken in the hearing below. The evidence consisted of the deed creating the joint tenancy in the Du Page County real estate dated May 3, 1952, the divorce decree, the report of proceedings of the divorce hearing, and the deeds conveying the Kankakee real estate. On this evidence the court held that the joint tenancy had been severed and that the defendants who claimed through the deceased, Mitchell Thomas, were entitled to an undivided one-half interest in the disputed property.

Both parties agree that a divorce alone is insufficient to effect a severance of joint tenancy real estate. Plaintiff contends, however, that the divorce decree was not based upon a settlement agreement and that the language of the decree did not amount to a partition but merely stated the equitable and relative rights of the parties without providing for the mechanics of carrying out a sale of the property. Defendants assert

that the divorce decree embodies a settlement agreement which became absolute when not appealed. They also contend that the joint actions of the parties in making the conveyances of the Kankakee real estate apparently in accordance with the decree further indicates that the parties had agreed to a severance.

■■ Based on the record before it, the trial court could reach no other conclusion than that the decree embodied the terms of a settlement agreement. In the divorce proceedings the plaintiff was specifically asked whether she had entered into a property settlement which she wanted the judge to approve and answered "Yes". The court concluded the divorce hearing with the statement on the record:

> "Divorce is granted to the plaintiff; the terms of the written agreement may be incorporated in the decree."

While the proceeding was in the nature of a default, counsel for the deceased was present and did not object to the testimony concerning the settlement. In addition, the decree recites a waiver of alimony which was indicative of a settlement. The agreement settling property rights thus became merged in the decree. *Cunningham v. Lawrence* (1959), 16 Ill. 2d 201, 207.

■■ It is clear then that an agreement between joint tenants to hold as tenants in common will sever an existing joint tenancy; and such agreement may be inferred from the manner in which the parties deal with the property, treating their interests as belonging to them in common. *Duncan v. Suhy* (1941), 378 Ill. 104, 109.

The manner in which the parties dealt with the Kankakee property does not create an inference that the parties mutually treated their interests as belonging to them in common rather than as joint tenants; but neither is it inconsistent with that interpretation. Nor does a countervailing inference arise from the failure to dispose of the Du Page County property. The essential question is whether under all the circumstances the agreement that the property, "* * * shall be sold and the net proceeds thereof, divided, equally, between the parties * * *" states an intent to effect a severance.

■■ We conclude from the language of the decree and the relevant circumstances disclosed in the transcript of the divorce hearing that the parties intended a division of the property and were not merely stating the relative rights to it. The agreement contemplated a sale as soon as feasible. The decree unconditionally ordered the sale to take place and the proceeds to be divided equally. In effect, the language of the decree states an intention to voluntarily partition the property, and to therefore destroy the unity of the title. It would seem a natural assumption in the absence of clear language to the contrary or any evidence inconsistent

with this view of the settlement provisions that the parties, seeking to partition their jointly held property in the context of a divorce proceeding would intend to sever the joint tenancy, rather than leave valuable property to the other. See *Wardlow v. Pozzi* (Cal.App. 1959), 338 P.2d 564, 566; *Rich v. Silver* (1964), 37 Cal.Rptr. 749, 751.

*Duncan v. Suhy* (1941), 378 Ill. 104, cited by plaintiff, is not authority for a contrary conclusion here. In *Duncan,* there was no provision that the joint tenancy property be sold, and, in fact, the agreement did not refer to joint tenancy property but merely relinquished rights arising under the marriage laws. Thus the statement that each party should retain his or her half interest in the "home place" and in case of sale by agreement of both parties, the net proceeds should be divided equally, did no more than state the shares of each party in the property.

■■ We further conclude that the performance of the agreement to sever the joint tenancy prior to the death of Mitchell W. Thomas was not necessary to effect the severance. An agreement to sever itself operates to effect a severance, and the intervening death of one of the joint tenants will not defeat the severance even though the agreement is not performed. (*Cunningham v. Lawrence* (1959), 16 Ill.2d 201, 207; *Duncan v. Suhy* (1941), 378 Ill. 104, 109.) The further contention of the plaintiff that the severance could not occur until the orders necessary to carry the decree into effect were entered and complied with and an actual conveyance made has been answered to the contrary by *Schuck v. Schuck* (1952), 413 Ill. 390. Also, contrary to the contention of the plaintiff, the court retained the necessary power to enforce the terms of the decree even though the specific mode of division was not stated. *Vinci v. Vinci* (1970), 131 Ill.App.2d 496, 500-501.

■■ The trial court properly held that the joint tenancy in the property in question was severed by the settlement agreement merged in the divorce decree. The judgment below is therefore affirmed.

Affirmed.

GUILD, P. J., and T. MORAN, J., concur.