THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD WAYNE ALLEN, Defendant-Appellant.

Fourth District   No. 15415

Opinion filed September 25, 1979.

David B. Woodruff, of Jacksonville, for appellant.

Edwin R. Parkinson, State's Attorney, of Jacksonville (Marc D. Towler and Denise M. Paul, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals his conviction at bench trial of the offense of criminal damage to property in violation of section 21—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 21—1(a)). The sentence imposed included a fine of $75 and 90 days' probation with the condition that defendant make full restitution for the damages done to be paid through the probation officer.

The information charged the offense of a Class A misdemeanor alleging that defendant "knowingly damaged property of Norma Allen being four (4) doors in the residence located at ° ° ° without the consent of Norma Allen ° ° °." Defendant admits that he performed the acts causing damage alleged to have been committed on November 27, 1978.

Prior to November 22, 1978, defendant was the husband of the prosecuting witness, Norma Allen, and they held the property in joint tenancy. Defendant had entered his appearance in an action of Norma Allen for dissolution of marriage. The record discloses that the parties had entered into an oral agreement for the disposition of all their property with the express agreement that defendant would convey the joint tenancy property (that which he damaged) to his wife, Norma Allen, and that the latter would, in turn, convey her interest in other real estate to the defendant. That agreement concerning the division of real property was incorporated into the decree of dissolution entered on November 22, 1978. The trial court took judicial notice of the decree and it is included in this record. Although the parties had not exchanged their respective deeds as contemplated in the decree of dissolution, the record also shows that Norma Allen was in possession of the damaged property on

November 27, 1978, and that defendant was in possession of the second parcel of property on that date.

Upon these facts defendant argues that the prosecution failed to prove that the property alleged to have been damaged was the property of another. He further argues that there was a failure to prove the mental state described in the offense, *i.e.*, that he knowingly damaged property of another without his consent.

It is defendant's contention that upon the facts stated he retained a record ownership interest in the property and hence could not be liable for damage to the property of another. In substance, he testified that while he knew that the oral agreement was incorporated into the decree of dissolution and that he knew that Norma Allen was appearing in court on November 22, 1978, to procure a decree of dissolution, he was not advised that the decree had been signed and was in effect at the time of his acts on November 27, 1978, so that he continued to be a record holder of title as a joint tenant.

■■ Based upon the record, the trial court could reach no other conclusion than that the divorce decree embodied the terms of the settlement agreement. (*Thomas v. Johnson* (1973), 12 Ill. App. 3d 302, 297 N.E.2d 712.) The agreement settling the property rights thus became merged in the decree. (*Cunningham v. Lawrence* (1959), 16 Ill. 2d 201, 157 N.E.2d 50.) In the latter opinion, the court stated:

"The agreement settling their property rights was made a part of and became merged in the decree of divorce. [Citations.] The divorce decree did not of its own volition attempt to transfer defendant's real estate to his former wife but did confirm the agreement of the parties and the voluntary act of the defendant in making the conveyance to his wife. Upon entry of the divorce decree, *the wife became vested with ownership* of * * * and was entitled to have the deed transferred to her." (Emphasis added.) (16 Ill. 2d 201, 207, 157 N.E.2d 50, 53-54.)

Inasmuch as upon the entry of the decree the wife became vested with ownership of the property described in the information and was entitled to have a deed to such property, the execution and delivery of the quitclaim deed provided in the decree was not necessary to complete the transfer of ownership. We thus conclude that the record shows that the property damaged was the "property of another."

The focus of the second phase of defendant's argument is that he did not know that the described real estate was the property of another. He contends that there is no evidence in the record that defendant acted "with knowledge of the fact that he no longer enjoyed the rights and privileges as an owner in the joint tenancy of the subject property." This position rests upon his testimony that he had not been advised that the

decree had been signed and filed prior to November 27, 1978. Defendant admitted, however, that he had knowledge of the proposed decree and knowledge that the wife would appear before the trial court with the decree on November 22, 1978.

Section 4—5 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 4—5) provides:

"A person knows, or acts knowingly or with knowledge of:

(a) the nature or attendant circumstances of his conduct, described by the statute defining the offense, when he is consciously aware that his conduct is of such nature or that such circumstances exist. Knowledge of a material fact *includes awareness of the substantial probability that such fact exists.* * * *." (Emphasis added.)

■ We conclude that in the light of the record which discloses that defendant admittedly knew of the details of the agreement whereby Norma Allen was to receive the described real estate, that such terms were incorporated into the decree disposing of all of the property matters between the parties and that defendant knew that Norma Allen had appeared in court on November 22 to close the matter of divorce, the trier of fact could conclude from the total circumstances known to defendant that the latter possessed "an awareness of the substantial probability" that the fact of the signing of the decree and the transfer of the ownership of the property existed. Defendant's argument that the court might have refused to sign the decree for the reason that the property settlement was unconscionable is not persuasive and is without merit. The judgment of conviction and sentence is affirmed.

Affirmed.

REARDON, P. J., and CRAVEN, J., concur.