JUDITH A. HOUSER *et al.*, Plaintiffs, *v.* FLOYD E. WITT, Defendant and Third-Party Plaintiff-Appellant and Cross-Appellee.—(Dennis M. Houser, Third-Party Defendant-Appellee and Cross-Appellant.)

Fourth District   No. 4—82—0258

Opinion filed December 13, 1982.

John F. Bramfeld, of Phebus, Tummelson, Bryan & Knox, of Urbana, for appellant.

Craig J. Causeman, of Thomas, Mamer & Haughey, of Champaign, for appellee.

PRESIDING JUSTICE WEBBER delivered the opinion of the court:

This appeal presents a question not heretofore answered by the reviewing courts concerning the right to contribution among tortfeasors under section 2 of "An Act in relation to contribution among joint tortfeasors" (Ill. Rev. Stat. 1979, ch. 70, par. 302) (Contribution Act). By reason of the procedural mechanics below a brief explanation is necessary for an understanding of the alignment of the parties in this court.

On October 7, 1978, a collision occurred on a roadway in Ford County between a van driven by Dennis Houser (Dennis) and a tractor driven by Floyd Witt (Witt). Judith Houser, the wife of Dennis (Judith), was a passenger in the van. It appeared that both vehicles were proceeding in the same direction on the roadway and as the van was about to pass the tractor on the left, Witt turned the tractor to the left in order to enter a crossroad and the collision occurred. Both vehicles suffered damage and Judith and Dennis suffered personal injuries. Judith's injuries appeared more severe than those of Dennis.

Judith and Dennis brought suit against Witt for their injuries in September 1980. The matter proceeded through the usual discovery process and was allotted for jury trial several times during the late autumn and early winter of 1981-82. During this period the personal injury claims of Dennis and Judith were settled and they signed a release which recited payment of $42,500; Dennis' claim for property damage to his van was specifically exempted in the release. Dennis voluntarily dismissed his suit for personal injuries and thereupon Witt amended his answer to allege comparative negligence and with the amended answer he filed a counterclaim for contribution against Dennis. His allegation of comparative negligence was based upon an imputation of negligence from Dennis to Judith.

Dennis filed two motions to dismiss the counterclaim. In substance these alleged interspousal immunity as provided in section 1 of "An Act to revise the law in relation to husband and wife" (Ill. Rev. Stat. 1979, ch. 40, par. 1001). The trial court denied both motions, relying upon *Wirth v. City of Highland Park* (1981), 102 Ill. App. 3d 1074, 430 N.E.2d 236. The cause eventually proceeded to trial on

Witt's complaint based upon comparative negligence and contribution. Witt was permitted to amend to allege his property damage to the tractor and the amounts of property damage to the van and the tractor were stipulated by the parties.

At the conclusion of Witt's evidence (he being counterplaintiff) the trial court directed a verdict in favor of Dennis on the contribution claim. The basis for the court's ruling was that there was no apportionment in the release of the respective damages for personal injuries, but rather the release was joint as to Dennis and Judith. The comparative negligence issue was the sole matter submitted to the jury, which returned a verdict finding Dennis 60% negligent and Witt 40%.

Witt appeals the directed verdict ruling and Dennis cross-appeals the denial of his motions to dismiss. However, no argument has been presented in the briefs before this court in support of the cross-appeal and therefore the matter of interspousal immunity and the application of *Wirth* to the facts in this case has been waived under Supreme Court Rule 341(e)(7) (87 Ill. 2d R. 341(e)(7)). As to the contribution claim, we affirm.

Section 2(b) of the Contribution Act (Ill. Rev. Stat. 1979, ch. 70, par. 302(b)) provides that a right of contribution exists in favor of a tortfeasor who has paid more than his *pro rata* share of the common liability. The basis of the trial court's directed verdict was that Witt could not prove his damages. The settlement agreement between Witt, Dennis and Judith did not allocate the amount of the settlement attributable to Judith's claim. Consequently, since Witt could not establish the amount he paid in settlement of Judith's claim, there was no way to determine the amount he paid on Judith's claim in excess of his *pro rata* share. If Dennis were partly at fault for Judith's injuries (and the jury found him 60% negligent), then Witt has paid more than his *pro rata* share since presumably he has paid the full amount of Judith's claim as part of the settlement. Nevertheless, there was no evidence of the amount of Judith's claim.

In order for a party to be entitled to contribution, he must allege and the evidence must show the amount he has paid in excess of his just proportion of the joint indebtedness. (See *Cunningham v. Lawrence* (1959), 16 Ill. 2d 201, 157 N.E.2d 50; *Schaefer v. Dipple* (1928), 250 Ill. App. 184.) In *Cunningham*, the administrator of the estate of Pauline Lawrence sought a decree finding the administrator to be the owner of certain property, an accounting of rents from the defendant (Pauline's ex-husband), and an injunction restraining the defendant from interfering with the property. The defendant filed a

counterclaim seeking, *inter alia*, contribution for one-half the obligation on a note for $15,000 on which defendant and Pauline were liable.

The trial court dismissed the defendant's complaint and the supreme court affirmed the dismissal. The supreme court stated:

> "Defendant's claim for contribution equal to one half of the amount due under the note and mortgage jointly executed by defendant and his former wife also fails for many reasons, chief of which is that there is no allegation that he has paid more than his just proportion of the joint indebtedness nor what the excess, if any, might be." 16 Ill. 2d 201, 208, 157 N.E.2d 50, 54.

In *Schaefer*, the plaintiff brought a suit in assumpsit against the defendant for contribution. The plaintiff and defendant purchased a farm in Indiana as tenants in common. Plaintiff and defendant paid for the land with cash obtained and notes secured by the execution of first and second mortgages on the farm and on land owned individually by the parties. Because of a default in payment of interest on the Indiana farm mortgages, foreclosure proceedings were instituted by the parent company that sold the farm. A decree for foreclosure was entered and the farm was sold. The sale failed to realize the amount of the entire debt, and a personal deficiency judgment of $10,025.20 was entered against the plaintiff. Subsequently, a settlement was entered into between plaintiff, defendant, and the parent company.

Plaintiff's complaint for contribution alleged that he paid $5,012.10 more than defendant in satisfaction of their joint indebtedness. The trial court awarded the plaintiff the amount he sought plus interest. The appellate court affirmed the judgment of the trial court. The court found that in the settlement agreement, plaintiff and defendant contributed the same things: (1) their interests in the Indiana farm; (2) their interest in certain fire insurance policies; and (3) their promise not to go into voluntary bankruptcy for a certain period of time. However, in addition to these contributions, plaintiff contributed his interest in land he owned individually. The appellate court determined that the common contributions had no or negligible money value and that the deficiency was settled wholly out of the value of plaintiff's interest in the land he contributed to the settlement. Accordingly, the court found that plaintiff was entitled to contribution from defendant for one-half the amount of the deficiency.

Although neither *Cunningham* nor *Schaefer* involved joint tort feasors, they constitute extremely persuasive analogy. There is nothing in the Contribution Act, nor in subsequent case law, to negate the

proposition that one seeking contribution must be able to establish the amount to which he is entitled. The Contribution Act is novel in that it is made applicable to joint tort feasors, but as to principles of contribution generally, it is a codification of existing common law.

Witt argues that the release provides "very good evidence" of the amount paid to Judith, but he does not explain how this amount may be deduced. It is evident from the record that Judith's immediate injuries were much more severe than Dennis', but this is no indication *per se* that Dennis' injuries were negligible. The release provides that it covers not only existing injuries, but also "any and all known and unknown, foreseen and unforeseen injuries" for both Dennis and Judith. It is clear that Dennis did suffer some injury in the accident and it is possible that the *sequelae* are not yet manifest. Furthermore, Judith's more serious injuries could lead to her future incapacity (she had some fractured vertebrae) and this in turn could give rise to a loss of consortium. In short, the open-end, blanket, joint release gives no indication as to how the amount paid for the release relates to any present or future damage to either party. In this case lack of apportionment may work a hardship on Witt, but it is one which he could have avoided by a properly drawn release.

Witt also argues that the release is ambiguous and that the jury should have been allowed to resolve the ambiguity. He maintains that the lack of apportionment gives rise to the ambiguity and that extrinsic evidence should then be permitted to come into the record. Such reasoning is purely circular. The release is plain on its face and no ambiguity exists.

The order of the circuit court of Ford County allowing the motion for directed verdict is affirmed.

Affirmed.

MILLS and TRAPP, JJ., concur.