DONALD LEAMAN, Plaintiff, v. JAMES ANDERSON, Defendant and Third–Party Plaintiff-Appellant (Florene Dutkiewicz, Third–Party Defendant-Appellee).

Third District   No. 3—87—0783

Opinion filed July 13, 1988.

J. Scott Myers, Gina A. Propp, and Lloyd E. Williams, Jr., all of Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll, of counsel), for appellant.

Stefanich, McGarry, Wols & Okrei, Ltd., of Joliet (John J. McGarry, of counsel), for appellee.

JUSTICE SCOTT delivered the opinion of the court:

This case comes on appeal from the trial court's order granting third-party defendant's motion for judgment on the pleadings, thereby denying third-party plaintiff's complaint for contribution pursuant to section 2—615(e) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615(e)).

Third-party plaintiff James Anderson (Anderson) was named as defendant in a two-count complaint filed by plaintiff Donald Leaman (Leaman). Anderson then brought a contribution action against third-party defendant Florene Dutkiewicz (Dutkiewicz). Anderson was the owner of a two-flat apartment house and Dutkiewicz was a tenant in the second-story apartment. One means of access of Dutkiewicz'

apartment was by stairway leading to an exterior porch. Leaman, while a guest at Dutkiewicz' apartment, leaned against the porch railing, which collapsed, causing him to fall to the ground below and sustain injuries. Count I of Leaman's complaint was an action purely in tort alleging that Anderson, as owner of the property, was negligent. Count II of the complaint, however, was phrased as an action for breach of implied warranty. Anderson filed a motion to dismiss count II of the complaint, asserting that it did not set forth a cognizable separate theory of liability. That motion was denied.

Leaman and Anderson subsequently entered into a comprehensive settlement wherein Leaman executed a general release of his claim against all parties (including Anderson and Dutkiewicz) and dismissed his complaint (counts I and II) with prejudice.

The cause proceeded on Anderson's contribution claim against Dutkiewicz. Dutkiewicz then filed a motion for judgment on the pleadings and the court heard arguments on September 14, 1987. The court thereafter allowed Dutkiewicz' motion by order dated November 10, 1987. Although the order is nonspecific as to why Dutkiewicz prevailed, the briefs filed on appeal indicate the primary reason to be that the settlement agreement between Leaman and Anderson failed to allocate damages between count I and count II of Leaman's complaint.

Dutkiewicz argues that failure to allocate damages between the two counts was fatal because count I alleged a cause of action in tort and count II alleged a cause of action in contract. Therefore, since Anderson could only seek contribution against Dutkiewicz for tort liability, Anderson could not prove how much of the settlement was attributable to count I. Accordingly, he could not prove the amount to be contributed by Dutkiewicz for her pro-rata share of their joint tort liability.

Anderson has filed two motions on appeal; a motion for leave to cite supplemental authority and a motion for leave to cite subsequently promulgated authority. Both motions are granted at our discretion.

■ Section 2(a) of "An Act in relation to contribution among joint tort feasors" (the Contribution Act) provides:

> "Except as otherwise provided in this Act, where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, *** there is a right of contribution among them, even though judgment has not been entered against any or all of them." Ill. Rev. Stat. 1987, ch. 70, par. 302(a).

Dutkiewicz relies primarily on the case of *Houser v. Witt* (1982), 111 Ill. App. 3d 123, 443 N.E.2d 725, as support for the trial court's granting of her motion on the pleadings. In that case, Judith and Dennis Houser sustained injuries when their van collided with a tractor being operated by Witt. The Housers jointly settled their personal injury claims against Witt for an unallocated sum. Witt then brought a counterclaim against Dennis Houser seeking contribution for the settlement amount attributable to the injuries sustained by Judith Houser. The appellate court, in affirming the trial court's directed verdict against Witt, held that the parties' failure to allocate the settlement proceeds between the Housers' claims meant that Witt could not prove what amount he had paid in excess of his proportionate share of Judith Houser's claim. *Houser,* 111 Ill. App. 3d at 125, 443 N.E.2d at 726.

The instant case is not factually similar to *Houser* in one major aspect. In *Houser,* the contribution plaintiff could not prove how a settlement was allocated between two plaintiffs. Here, only one plaintiff received a settlement. We consider the recent Supreme Court of Illinois decision in *Hall v. Archer-Daniels-Midland Co.* (1988), 122 Ill. 2d 448, directive in resolution of this case. In *Hall,* a plaintiff filed a two-count complaint against Archer-Daniels-Midland (ADM) and Mid-State General and Mechanical Contracting Corporation (Mid-States) seeking recovery under the Structural Work Act (Ill. Rev. Stat. 1983, ch. 48, pars. 60 through 69). Plaintiff later added a third count against ADM alleging willful and wanton misconduct by ADM and seeking an award of punitive damages. ADM filed a counterclaim against Mid-States and a third-party complaint against plaintiff's employer, Corrigan Company (Corrigan), under the Contribution Act alleging violations of the Structural Work Act. Plaintiff and ADM eventually entered into a settlement agreement wherein plaintiff released all parties in exchange for a lump sum payment of $1,500,000 and indemnification by ADM for any lien claim made by Corrigan for worker's compensation payments. The settlement was approved by the trial court and plaintiff's complaint (all counts) was dismissed with prejudice.

ADM pursued its contribution actions against Mid-States and Corrigan. A jury returned a verdict in favor of ADM and against both contribution defendants. The appellate court reversed and remanded the cause on the basis that ADM did not extinguish all of Corrigan's liability under the Workers' Compensation Act. The supreme court ultimately reversed the appellate court and affirmed the trial court. One issue that the supreme court addressed was the contribution defend-

ants' argument that the failure of the settling parties, plaintiff and ADM, to allocate the settlement between the claims for compensation and punitive damages should preclude ADM from maintaining an action for contribution. The basis for their argument was that punitive damages may not be the subject of contribution and, since the punitive damages claim was dismissed as part of the settlement agreement, it must be assumed that a portion of the settlement was in consideration for dismissal of the punitive damages claim. Therefore, it was impossible to determine the amount ADM paid in excess of its pro-rata share of common liability subject to contribution. The defendants in *Hall* also relied primarily on *Houser v. Witt* as support for their argument.

▆▆ The court noted that although *Houser* stood for the general proposition that "one seeking contribution must be able to establish the amount to which he is entitled" (*Hall*, 122 Ill. 2d at 459), *Houser* was not analogous because it involved two separate unallocated claims for injuries to two persons (*Hall*, 122 Ill. 2d at 459). In contrast to *Houser*, ADM had established its total liability to the plaintiff for injuries sustained. *Hall*, 122 Ill. 2d at 459.

Accordingly, the *Hall* court stated:

"The Contribution Act does not expressly require an allocation of settlement proceeds between alternative theories of recovery asserted by a plaintiff against a defendant. *** Whether a tortfeasor, by settling with the plaintiff, is unfairly attempting to pass on punitive damages for which he would not otherwise be able to obtain contribution goes to the question whether the settlement was made in good faith. *** In the trial court proceedings in this case, both Corrigan and Mid-States moved for dismissal of ADM's contribution actions on the ground that the settlement failed to make any allocation between the plaintiff's two separate claims against ADM. Corrigan and Mid-States did not attempt to challenge the good faith of the settlement, however, or to present the issue for resolution by either the judge or jury." *Hall v. Archer-Daniels-Midland*, 122 Ill. 2d at 459-60.

▆▆ The argument posed by Dutkiewicz is substantially similar to the defendant's argument in *Hall*. Here, the settlement agreement did not allocate between the separate claims. One of Leaman's claims clearly sounded in tort, but defendant claims the second count was based in contract. Although we believe that the second count can also be fairly construed as based on tort theory, we need not address that issue because Dutkiewicz has not shown that Anderson, in bad faith,

attempted to pass on his liability for an arguably uncontributable claim by not allocating the settlement amount between the two counts.

Accordingly, the trial court's granting of Dutkiewicz' motion for judgment on the pleadings is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

HEIPLE and STOUDER, JJ., concur.