ANITA KIPNIS, Plaintiff-Appellee, v. WILLIAM MELTZER, Defendant-Appellant.

First District (2nd Division)   No. 1—92—2938

Opinion filed September 7, 1993.

Pretzel & Stouffer, Chartered, of Chicago (Brian T. Henry, Robert Marc Chemers, and Anne Scheitlin Johnson, of counsel), for appellant.

Patricia C. Bobb & Associates, of Chicago (Kathryn A. Bettasso, of counsel), for appellee.

JUSTICE SCARIANO delivered the opinion of the court:

Plaintiff Anita Kipnis and her husband, Ira, brought an action in the circuit court, alleging separate causes of action against defendant William Meltzer, M.D., and Abraham M. Chervony, M.D., for injuries plaintiff sustained while under the care and treatment of both doctors. Prior to trial, plaintiff and Ira agreed to dismiss their claims against Dr. Chervony in exchange for $300,000. Although none of the parties asked that the amount of the settlement be allocated between

plaintiff and her husband, the trial court found the settlement to be in good faith.

After the settlement with Dr. Chervony had been approved, Ira voluntarily dismissed his claim against defendant, but plaintiff pursued her claim against him to a jury trial, which resulted in a $20,000 verdict in her favor. Defendant thereafter filed a post-trial motion seeking, *inter alia*, to set off the amount of the settlement against the verdict, thereby reducing plaintiff's award to zero. The trial court entered an order denying defendant's motion and granting plaintiff costs in the amount of $3,382.56 pursuant to section 5—108 of the Code of Civil Procedure. (Ill. Rev. Stat. 1991, ch. 110, par. 5—108.)[1] Defendant filed a timely notice of appeal from that order, challenging only the trial court's refusal to set off the settlement against the verdict and its imposition of costs against him.

■■ The parties in this case do not quarrel with the basic tenet that a plaintiff may have only one satisfaction for an injury, regardless of whether multiple theories of recovery are sought for that injury. (See, *e.g., Dial v. O'Fallon* (1980), 81 Ill. 2d 548, 411 N.E.2d 217.) It is also undisputed that generally, pursuant to section 2(c) of the Contribution Act (Ill. Rev. Stat. 1991, ch. 70, par. 302(c)),[2] a settlement between one joint tortfeasor and the plaintiff will result in a setoff in the amount of the settlement against any judgment entered against a nonsettling defendant, even if the plaintiff's award is thereby reduced to zero. (*Foster v. Kanuri* (1992), 241 Ill. App. 3d 677, 680-81, 608 N.E.2d 8, 10, *appeal denied* (1993), 151 Ill. 2d 563; *Nguyen v. Tilwalli* (1986), 144 Ill. App. 3d 968, 495 N.E.2d 630.) The Contribution Act, however, is not the source, but the codification, of a defendant's right to a setoff; therefore, a defendant need not file a contribution action to invoke the defense of setoff. (*Johnson v. Belle-*

---

[1]Section 5—108 states in pertinent part:

"Plaintiff to recover costs. If any person sues in any court of this state in any action for damages personal to the plaintiff, and recovers in such action, then judgment shall be entered in favor of the plaintiff to recover costs against the defendant ***." Ill. Rev. Stat. 1991, ch. 110, par. 5—108.

[2]Section 2(c) of the Contribution Act provides:

"When a release or covenant not to sue or not to enforce a judgment is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide but it reduces the recovery on any claim against the others to the extent of any amount stated in the release or the covenant, or in the amount of the consideration actually paid for it, whichever is greater." Ill. Rev. Stat. 1991, ch. 70, par. 302(c).

*ville Radiologists, Ltd.* (1991), 221 Ill. App. 3d 100, 106, 581 N.E.2d 750, 753, *appeal denied* (1992), 143 Ill. 2d 639, 587 N.E.2d 1016.) Moreover, it is clear that a defendant's right to set off a plaintiff's settlement with a joint tortfeasor against a judgment after trial may be raised at any time. *J.F. Equipment, Inc. v. Owatonna Manufacturing Co.* (1986), 143 Ill. App. 3d 208, 221, 494 N.E.2d 516, 524.

While the parties agree with these basic concepts, they disagree on their application to the facts before us. Plaintiff argues, and the trial court held, that defendant has no right of setoff here because he cannot establish the amount which he is entitled to set off. More specifically, she asserts that because the $300,000 settlement was unallocated between herself and her husband—and defendant did not request that it be divided as such at the good-faith hearing—defendant cannot sustain his burden of proving how much of the settlement was attributable to her claim against Dr. Chervony. Accordingly, plaintiff claims, the trial court properly ruled that defendant had no right to set off any portion of the $300,000 settlement against her $20,000 jury verdict.

Defendant counters that a settlement between multiple plaintiffs and a joint tortfeasor may be set off in its entirety against a verdict in favor of one of the plaintiffs in a subsequent trial against a non-settling defendant, even if that setoff is unallocated among the various plaintiffs. Defendant argues that it was the plaintiff's burden to allocate the settlement before trial if she wanted to avoid having its entire amount set off against a future verdict against him. Finally, defendant contends that regardless of whose burden it was to seek allocation of the settlement, it is clear that since plaintiff and her husband were married, plaintiff received at least half of the settlement proceeds; thus, defendant asserts, he should be able to set off at least half of the settlement amount, thereby reducing plaintiff's verdict to zero. In support of his arguments, defendant relies on cases which have held that a defendant may set off the entire amount of a pretrial settlement with a joint tortfeasor against a damage award, even if the settlement does not allocate the proceeds between alternative theories of possible recovery which were alleged in the plaintiff's complaint. *E.g., Hall v. Archer-Daniels-Midland Co.* (1988), 122 Ill. 2d 448, 459, 524 N.E.2d 586, 591-92.

We find that defendant's contentions are refuted by our holdings in *Houser v. Witt* (1982), 111 Ill. App. 3d 123, 443 N.E.2d 725, and *Johnson v. Belleville Radiologists, Ltd.* (1991), 221 Ill. App. 3d 100, 106, 581 N.E.2d 750, 753, *appeal denied* (1992), 143 Ill. 2d 639, 587 N.E.2d 1016. In *Houser*, Judith and Dennis Houser were injured

when their van collided with a tractor which was being driven by the defendant. The Housers jointly settled their separate personal injury suits against the defendant for one unallocated sum. The defendant then filed a counterclaim against Dennis, who was driving the van, seeking contribution for that part of the settlement attributable to Judith's claim. The trial court directed a verdict against the defendant on his counterclaim. *Houser*, 111 Ill. App. 3d at 124-25, 443 N.E.2d at 726.

We affirmed, holding that the fact that the settlement was not allocated meant that the defendant had no way of establishing the amount of Judith's claim and, as a result, he could not show what amount he paid in excess of his proportionate share of her claim. (*Houser*, 111 Ill. App. 3d at 127, 443 N.E.2d at 727.) We explained:

"In order for a party to be entitled to contribution, he must allege and the evidence must show the amount he has paid in excess of his just proportion of the joint indebtedness. [Citations.] ***

\* \* \*

*** There is nothing in the Contribution Act, nor in subsequent case law, to negate the proposition that one seeking contribution must be able to establish the amount to which he is entitled. The Contribution Act is novel in that it is made applicable to joint tort feasors, but as to principles of contribution generally, it is a codification of existing common law.

[The defendant] argues that the release provides 'very good evidence' of the amount paid to Judith, but he does not explain how this amount may be deduced. It is evident from the record that Judith's immediate injuries were much more severe than Dennis', but this is no indication *per se* that Dennis' injuries were negligible. *** In short, the open-end, blanket, joint release gives no indication as to how the amount paid for the release relates to any present or future damage to either party. In this case lack of apportionment may work a hardship on [the defendant], but it is one which he could have avoided by a properly drawn release." (*Houser*, 111 Ill. App. 3d at 125-27, 443 N.E.2d at 727.)

Accordingly, we upheld the trial court's entry of a directed verdict against the defendant, even though it appeared that he had in fact paid an amount greater than his share of the common liability, given the jury's finding, made on Dennis' claim for property damage to the van, that Dennis was 60% responsible for the accident. *Houser*, 111 Ill. App. 3d at 127, 443 N.E.2d at 727.

In *Johnson*, Mark and Carleen Johnson brought an action against her doctor and the defendant for malpractice after a sponge was left in her abdomen after a caesarean delivery. The Johnsons entered into a pretrial settlement with the doctor in the amount of $340,000, which was apportioned at $40,000 for Carleen's injuries and $300,000 for Mark's loss of consortium. After the court determined that the settlement was made in good faith, the Johnsons went to trial on their claim against the defendant, and a jury awarded Carleen $579,600 and Mark $50,000. The trial court denied the defendant's post-trial motion wherein it sought to set off the entire $340,000 settlement against Carleen's $579,600 verdict. *Johnson*, 221 Ill. App. 3d at 102-03, 581 N.E.2d at 751.

We affirmed, reasoning:

"Defendants' final argument is that \*\*\* we should set off the total settlement to preclude the plaintiffs from receiving a double recovery. Defendants' suggestion would require that we treat the plaintiffs in this case as a 'family unit.' No authority is cited for this theory, and we are not prepared to hold that the amounts awarded in settlement are to be combined for the purposes of setoff simply because the plaintiffs are a 'family unit.' \*\*\* If we were to adopt defendants' argument, plaintiffs who are not part of a family unit would not be required to set off their total recovery against the jury's verdict. To require a setoff of the entire settlement for family units while not requiring such for other types of plaintiffs is inconsistent." *Johnson*, 221 Ill. App. 3d at 111, 581 N.E.2d at 757.

■ Consistent with *Houser* and *Johnson*, we decline to accept defendant's arguments in the instant case. First, *Johnson* conclusively refutes his assertion that he should be able to set off the plaintiff's and Ira's entire pretrial settlement with Dr. Chervony simply because they are husband and wife. Moreover, *Houser* plainly holds that a defendant attempting to set off a plaintiff's settlement with a codefendant has the burden of establishing the precise amount of the settlement which plaintiff actually received. (See *Hall*, 122 Ill. 2d at 459, 524 N.E.2d at 591 ("*Houser* illustrates the general proposition that 'one seeking contribution must be able to establish the amount to which he is entitled' ").) Here, as in *Houser*, the settlement with a joint tortfeasor was unallocated between plaintiff and her husband. Therefore, defendant cannot prove how much of the $300,000 settlement with Dr. Chervony was attributable to plaintiff's claims as opposed to Ira's; consequently, defendant has no measurable way of arriving at the amount which should be set off against her verdict, nor

do we. This result does not violate the public policy prohibiting double recovery because, as the court in *Houser* recognized, defendant has failed to establish that plaintiff has in fact been compensated twice. Moreover, defendant could have avoided the result he complains of by simply requesting at the good-faith hearing that the settlement with Dr. Chervony be allocated between plaintiff's and Ira's claims.

Finally, the cases cited by defendant (*Hall*, 122 Ill. 2d 448, 524 N.E.2d 586; *Giordano v. Morgan* (1990), 197 Ill. App. 3d 543, 554 N.E.2d 810; *Leaman v. Anderson* (1988), 172 Ill. App. 3d 62, 526 N.E.2d 639) in support of his contention that allocation of a settlement with a codefendant is not a prerequisite to setting off the proceeds thereof against a subsequent verdict are inapposite. In those cases, a single plaintiff alleged multiple theories of recovery against more than one defendant. The plaintiff thereafter settled with one of the defendants without allocating the amount between the different theories of recovery. The courts in the above-cited cases held that the lack of allocation was no barrier to setting off the entire amount of the settlement against a subsequent verdict on less than all counts for the reason that a plaintiff is not entitled to a double recovery, even where different theories are alleged. (See *Hall*, 122 Ill. 2d at 459-60, 526 N.E.2d at 591.) This case, however, involves two separate plaintiffs with distinct injuries, a distinguishing factor, as was noted by the supreme court in *Hall*:

> "*Houser* involved separate claims for injuries to two persons, and the settlement agreement in that case did not allocate the proceeds between the two. In the present case, there was but a single injury to be compensated, notwithstanding the plaintiff's assertion of two distinct theories of recovery. In contrast to the contribution plaintiff in *Houser*, [the defendant here] established the total amount of its liability to the plaintiff for the injuries sustained." *Hall*, 122 Ill. 2d at 459, 524 N.E.2d at 591.

For all of the foregoing reasons, we affirm the trial court's denial of defendant's post-trial motion seeking to set off plaintiff's and her husband's settlement with Dr. Chervony against the verdict in her favor, as well as its imposition of costs against defendant.

Affirmed.

HARTMAN and DiVITO, JJ., concur.