SECOND
DIVISION February
25, 1997 

Nos. 1-94-4314 & 1-94-4315 (Consolidated)

HAROLD F. KRAVCIK, II, and SANDRA
KRAVCIK,

 Plaintiffs-Appellants and Cross-
 Appellees,

 v.

GOLUB & COMPANY, INC., a corporation,

 Defendant-Appellee and Cross-
 Appellant,

 and

PACIFIC MUTUAL LIFE INSURANCE
COMPANY, a foreign corporation,

 Defendant-Appellee and Cross-
 Appellant.)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)Appeal from the
Circuit Court of
Cook County.

Honorable
Edward G. Finnegan,
Judge Presiding.


 MODIFIED UPON DENIAL OF REHEARING
 PRESIDING JUSTICE TULLY delivered the opinion of the court:
 Plaintiffs, Harold Kravcik (hereinafter Harold), and his wife, Sandra Kravcik
(hereinafter Sandra), brought this action in the circuit court of Cook County against
defendants, Golub & Company, Inc. (hereinafter Golub), the on-site management
company, and Pacific Mutual Life Insurance Company (hereinafter Pacific Mutual),
the mortgagee-in-possession of the premises, to recover damages for personal injuries
Harold sustained on an outdoor deck adjacent to the office building where he worked. 
Following a jury trial, the jury returned a verdict in favor of plaintiffs, awarding a
net amount of $32,772.07 to Harold and $19,000 to Sandra and the trial court entered
the judgment upon the verdict. Plaintiffs filed a post-trial motion seeking a new trial
on the issue of damages only, which the circuit court denied. It is from this order
that plaintiffs now appeal to this court pursuant to Supreme Court Rule 301 (155 Ill.
2d R. 301). In addition, defendants filed a post-trial motion seeking setoffs for
plaintiffs' prior settlement amounts, which the trial court denied and from which they
cross-appeal to this court under Supreme Court Rule 303 (155 Ill. 2d R. 303).
 For the reasons which follow, we affirm in part and reverse in part and remand
with directions. 

 FACTUAL BACKGROUND

 We will limit our discussion to the facts pertaining to the issues on appeal. No
questions regarding liability are raised. Harold was employed as an insurance agent
for the John Hancock Insurance Company located at 85 West Algonquin Road,
Arlington Heights, Illinois. On December 15, 1986, as Harold was walking across the
patio deck adjacent to the building housing his workplace, he tripped and hit his head
on a brick planter. The mortgagee-in-possession of the building was Pacific Mutual,
and it had retained Golub as the on-site property manager. 
 At trial, Dr. Robert Eilers, Dr. Jerry Sweet, and Dr. James Harrison testified
on behalf of plaintiff. Dr. Eilers testified that as a result of the occurrence, Harold
suffered a mild to moderate closed head injury, multiple cognitive deficits,
impairment to his memory and problem solving abilities, insight into his own deficits
and a seizure disorder. 
 Dr. Sweet, a treating neuropsychologist, testified that after the incident,
Harold suffered from depression, headaches, memory difficulties, verbal learning and
memory problems, as well as deficits in organizing behavior and functioning. Dr.
Sweet explained that the occurrence aggravated Harold's prior psychological problems
and learning deficits. He also stated that he is unable to conduct normal daily
activities and would be unable to work in the future. 
 Dr. Harrison, Harold's regular physician, testified via videotaped evidence
deposition that he was treating Harold for a seizure disorder and memory problems. 
His role was to monitor the blood levels of the medication which had been prescribed
to Harold. In sum, all three doctors stated that Harold's condition was permanent. 
 Dr. David Shenker, Ronald Ganellan, Ph.D. and Dr. James Cavanaugh testified
on behalf of defendants. Dr. Shenker, a neurologist, testified concerning Harold's
prior medical history and his condition after the occurrence. Dr. Shenker stated that
he examined Harold on October 6, 1992, and found Harold had suffered a mild
concussion due to the fall. Dr. Shenker stated that Harold did not suffer any brain
damage, ongoing neurologic consequences, memory problems, seizures, vision
problems or headaches as a result of the accident, but had physical and mental
problems prior to the accident. 
 Ganellan, a neuropsychologist, treated Harold during his post-occurrence
treatment, and testified that he had a mild head injury. He opined that Harold's
difficulties were the result of a psychiatric condition, rather than the result of a head
injury. 
 Defendants presented a videotaped evidence deposition of Dr. Cavanaugh, a
psychiatrist who examined Harold. He testified that Harold's difficulties were
present before as well as after the incident of December 15, 1986. Dr. Cavanaugh
opined that Harold could not have returned to work in his condition. He found that
Harold demonstrated a dysfunction whereby he complains of physical or organic
symptoms, which are actually based on underlying psychological problems. Dr.
Cavanaugh testified that he found no evidence of any closed head injury or organic
mental disorder or permanent injury. Dr. Cavanaugh proceeded to list a litany of
conditions Harold suffered prior to the occurrence, including black-outs, "seizures," 
depression, poor memory, migraine headaches, numbness in parts of body, change in
personality, vertigo and fatigue, nervous break-downs, pain and blurring in eyes and
nausea. 
 Harold has not returned to any substantive employment since the date of the
incident. Dr. Cavanaugh, Dr. Eilers, and Dr. Sweet all testified that Harold was
unable to work. 
 At the jury instruction conference, plaintiffs tendered Plaintiffs' Instruction
No. 20, which included Illinois Pattern Jury Instruction (IPI) Civil 3d. 30.03, 30.04,
30.05, 30.06, 30.07. Plaintiffs also tendered a verdict form based on IPI B45.03.A.,
Plaintiffs' Instruction No. 31, which included an itemization for the aggravation of
any pre-existing ailment or condition as a separate item of damages. The trial court
refused both of plaintiffs' instructions. The jury was given Pacific Mutual's
Instruction No. 7, which was identical to plaintiffs' instruction No. 20, except that it
did not contain reference to aggravation of a pre-existing condition as a separate
compensable element of damages. Plaintiffs' Instruction No. 22 was also given
containing IPI-Civil 3d 30.21, which instructed the jury that it may not limit or deny
plaintiffs' damages because any injury resulted from an aggravation of a pre-existing
condition or a pre-existing condition which rendered plaintiff more susceptible to
injury. 
 The jury's verdict allocated negligence as follows: Golub - 65%; Pacific Mutual -
 30%; and Kravcik - 5%. The jury awarded damages in the gross amount of $34,497
to Harold Kravcik: $25,000 for pain and suffering, $8,297 for medical expenses, and
$1,200 for lost wages. The jury awarded damages in the gross amount of $20,000 to
Sandra Kravcik. 
 The following pertinent facts relate to the cross-appeal. Harold and his spouse,
Sandra, filed a suit against defendants, Golub, Pacific Mutual, Osmond Construction
Corporation (hereinafter Osmond), Crossfield Products, and Dex-O-Tex. Golub filed
a third-party complaint against Hascek-Melville Corporation. Plaintiffs settled their
suit against Osmond, the contractor who constructed the patio deck, for $5,000. 
Plaintiffs also settled their action against third-party defendant Hascek-Melville
Corporation, the installer of the patio surface, for $15,000. On October 8, 1992, the
trial court entered two separate orders, finding both settlements to be in good faith. 
The trial court dismissed Osmond with prejudice and dismissed Golub's third-party
complaint against Hascek-Melville Corporation with prejudice. Furthermore,
plaintiffs reached a settlement with Crossfield Products and Dex-O-Tex, the
manufacturers of the patio surface, for a total of $45,000. The trial court entered an
order on November 4, 1992, which found the settlement to be in good faith and
dismissed both defendants from the suit with prejudice. Subsequent to the jury's
verdict and prior to the entry of a judgment order, Golub and Pacific Mutual each
requested that the trial court set off the prior settlement amounts, totaling $65,000,
against the jury's net award of $32,772 to Harold and $19,000 to Sandra. The trial
court ultimately denied the motion. Defendants now cross-appeal.

 ISSUES PRESENTED FOR REVIEW

 On appeal, plaintiffs argue that the trial court committed reversible error, and
abused its discretion, in denying plaintiffs' post-trial motion which stated it failed to
provide the jury with a verdict form that included an itemization for "aggravation of
any pre-existing ailment or condition." In addition, plaintiffs argue that the trial
court erred because it did not instruct the jury that aggravation of a pre-existing
condition is a separate compensable item of damages. Plaintiffs assert that they are
entitled to a new trial on the issue of damages only. On cross-appeal, defendants
argue that they are entitled to set-off the amounts paid to plaintiffs by settling co-
defendants in order to reduce or eliminate plaintiffs' judgments.

 OPINION

 A reviewing court will only reverse a trial court's denying a motion for a new
trial if there exists an abuse of discretion. See Natalino v. JMB Realty Corp., 277 Ill.
App. 3d 277, 660 N.E.2d 138 (1995). 
 Plaintiffs first contend that the trial court erred by giving improper jury
instructions and an improper verdict form. Specifically, plaintiffs argue that the
instructions did not instruct the jury to consider the aggravation of Harold's pre-
existing condition as an element of damage and the verdict form did not include an
itemization for "the aggravation of any pre-existing ailments or condition." Plaintiffs
claim that they are entitled to a new trial on the issue of damages only. 
 Pursuant to Supreme Court Rule 239(a) (134 Ill. 2d R. 239(a)), "[w]henever
Illinois Pattern Jury Instructions (IPI) contains an instruction applicable in a civil
case, giving due consideration to the facts and the prevailing law, and the court
determines that the jury should be instructed on the subject, the IPI instruction shall
be used, unless the court determines that it does not accurately state the law."
(Emphasis added.)(134 Ill. 2d R. 239(a).) IPI Civil 3d 30.03 provides that "the
aggravation of any pre-existing ailment or condition" is a separate element of
compensable damages in Illinois. Behles v. Chicago Transit Authority, 346 Ill. App.
220, 231, 104 N.E.2d 635, 640 (1952); Wheeler v. Roselawn Memory Gardens, 188 Ill.
App. 3d 193, 543 N.E.2d 1328, 1335 (1989). However, this court in Smith v. City of
Evanston, 260 Ill. App. 3d 925, 631 N.E.2d 1269 (1994), held that aggravation of a
pre-existing condition is not a separate element of damage because it duplicates or
overlaps recovery for other elements of damage in violation of the holding in Powers
v. Illinois Cent. Gulf R.R., 91 Ill. 2d 375, 438 N.E.2d 152 (1982). But see Ficken v.
Alton & Southern Ry. Co., 255 Ill. App. 3d 1047, 625 N.E.2d 1172 (1993) (the trial
court committed reversible error when it refused this instruction on the basis of the
Powers rationale). The "Notes on Use" state that this element may be inserted
between the two paragraphs of IPI Civil 3d 30.01 if the court determines that the law
and the evidence justify its use. If this instruction is given, IPI Civil 3d 30.21 should
also be given.
 Plaintiffs rely on Balestri v. Terminal Freight Cooperative Association, 76 Ill.
2d 451, 394 N.E.2d 391 (1979) and Ficken to support their contention that
aggravation of pre-existing conditions is a separate compensable element of damages. 
First, our supreme court in Balestri held that a tortfeasor is liable for injuries he
causes, even though the injuries consist of the aggravation of a pre-existing condition. 
Proper judicial guidance should be given to the jury when considering the damage
award. Giving a general instruction, such as IPI Civil 2d 30.03 was inadequate, and
additional instruction was needed. The Balestri decision is the basis for what is now
IPI Civil 30.21. Thus, the supreme court affirmed the appellate court's decision in
granting a new trial on the issue of damages only.
 In Ficken, the plaintiff, having a previous history of back trouble, injured his
back while working in the defendant's railroad yard and brought an action against
his employer under the Federal Employers' Liability Act (45 U.S.C.A.  51 et seq.
(1988)). Ficken, 255 Ill. App. 3d at 1052, 625 N.E.2d 1172. The jury returned a
general verdict in favor of the defendant-employer. Upon review, the appellate court
found a cumulation of errors that denied the plaintiff a fair trial. Ficken, 255 Ill.
App. 3d at 1053, 625 N.E.2d 1172. Specifically, the appellate court held that the trial
court committed reversible error when it refused to give IPI Civil 3d No. 30.03, as
part of IPI Civil 3d No. 30.01, yet allowed IPI Civil 3d No. 30.21. Ficken, 255 Ill.
App. 3d at 1053, 625 N.E.2d 1172. The appellate court stated:
 "[t]he law is clear that a tortfeasor is liable for injuries he
 causes, including the aggravation of any pre-existing
 condition. [Citations.] The aggravation of a pre-existing
 ailment or condition is a separate element of compensable
 damages. [Citations.] We do not agree with the trial court
 that IPI Civil 3d No. 30.03 permits a double recovery. 
 Instead, we believe that the combination of IPI Civil 3d No.
 30.03 and IPI Civil No. 30.21 correctly states the law in
 Illinois[.] To give IPI-Civil 3d No. 30.21 without IPI-Civil
 No. 30.03 is confusing." (Emphasis added.) Ficken, 255 Ill.
 App. 3d at 1056, 625 N.E.2d 1172.
The Ficken court found the inadequate jury instruction to be reversible error, and
granted a new trial. Ficken, 255 Ill. App. 3d at 1056, 625 N.E.2d 1172. 
 One recent decision, the Smith case, has deviated from the plethora of cases
holding that the aggravation of a pre-existing condition is a separate element of
compensable damages, and thus has caused confusion. Defendants rely heavily on
the Smith ruling. However, we believe that the Smith court ignored prior caselaw
and ignored the IPI Civil instructions. In Smith, the court adopted the Powers
rationale. Our supreme court in Powers held that the "nature, extent, and duration"
of a plaintiff's injury may be considered by a jury in determining damages but may
not be the basis for a separate award in addition to other elements of damage such
as pain and suffering, economic loss through lost earnings, and disability, even
though the nature of a plaintiff's injury is listed as a separate element in the pattern
jury instructions (IPI Civil 3d No. 30.02). Powers, 91 Ill. 2d at 384, 438 N.E.2d 152. 
Thus, the Powers court concluded that duplication or overlapping of the compensable
elements for which the jury is to allow damages will be avoided. Powers, 91 Ill. 2d
at 384, 438 N.E.2d 152. This decision came only after searching all relevant legal
precedent in Illinois and the United States. Powers, 91 Ill. 2d at 378-84, 438 N.E.2d
152. We further note that the issue of whether the aggravation of pre-existing
condition was a separate compensable element of damages was never an issue before
the Powers court.
 In Smith, the trial court had granted the plaintiff's motion for a new trial on
damages only to correct misleading jury instructions with regard to the legal meaning
of definitional damage terms. The plaintiff had been awarded damages for medical
costs, lost earnings, past pain and suffering and for aggravation of pre-existing
conditions. The defendants appealed. Upon review, the appellate court did not find
that the trial court abused its discretion. Smith, 260 Ill. App. 3d at 935, 631 N.E.2d
1269. It stated:
 "Just as the court in Powers could find no measure for the
 nature of the injury as a separable element of damages, we
 find no measure for the value of aggravation of pre-existing
 condition that is separate from the other elements of
 damages ***. An award for aggravation of a pre-existing
 condition overlaps with awards for all of the other elements
 of damages, so inclusion of aggravation of conditions as a
 separate element leads to the same possibility of
 overcompensation that led the court in Powers to rule
 against the use of nature of the injury as a separate
 element of damages, despite the approval of that as a
 separate category of damages in the IPI instructions then
 in effect. Insofar as Parvin v. Sill, 138 Ill. App. 3d 325,
 329-30, 486 N.E.2d 262, conflicts with our assessment of
 the meaning of Powers, we decline to follow Parvin." 
 Smith, 260 Ill. App. 3d at 935, 631 N.E.2d 1269.
We decline to follow the Smith case, as it ignored prior well-reasoned caselaw and the
established pattern jury instructions. The Smith ruling is an aberration of the
existing Illinois authority. Accordingly, we find that defendants' reliance on this case
is misguided. 
 In the case sub judice, plaintiff's instructions No. 20 should have been given. 
The trial court violated Rule 239(a) (134 Ill. 2d R. 239(a)) by not instructing the jury
as such. We find that IPI Civil 3d 30.03 accurately states the law in the instant case
and that the jury should have been instructed to take into account the aggravation
of pre-existing condition as a separate compensable element of damages. IPI 30.03
is applicable because Harold suffered from many pre-existing mental and physical
conditions before the accident on December 15, 1986. Dr. Sweet provided extensive
expert testimony that the occurrence on December 15, 1986, aggravated Harold's
prior psychological problems, learning deficits and depression. The evidence amply
supports that a head injury, whether slight or severe, aggravated Harold's pre-
existing conditions. Thus, IPI Civil 30.03 should have been given.
 To instruct the jury only under IPI Civil 30.21, where the jury may not deny
or limit Harold's right to damages resulting from the occurrence because any injury
resulted from an aggravation of a pre-existing condition or a pre-existing condition
which rendered him more susceptible to injury, without IPI Civil 30.03 is inadequate. 
It did not present a complete view of the law to the jury. We find that the trial court
failed to sufficiently set forth the applicable law on aggravation of a pre-existing
injury. In the notes to Use of IPI Civil 30.03, it states that when IPI Civil 30.03 is
given, IPI Civil 30.21 should also be given. Therefore, we conclude that IPI Civil
30.21 and IPI Civil 30.03 go hand-in-hand. In light of the foregoing, we reverse the
trial court's decision, finding that the court abused its discretion when it failed to
properly instruct the jury as to IPI 30.03, but we affirm the trial court's rejection of
the instruction regarding the itemization for the aggravation of any pre-existing
ailment or condition as a separate item of damages in the verdict form.
 Plaintiffs' second contention is that it is proper for this court to grant their
motion for a new trial on the issue of Harold's damages only. A reviewing court may
grant a new trial limited to damages where: (1) the jury's verdict on the question of
liability is amply supported by the evidence; (2) the questions of damages and liability
are so separate and distinct that a trial limited to the question of damages is not
unfair to the defendant; and (3) the record suggests neither that the jury reached a
compromise verdict, nor that, in some other identifiable manner, the error which
resulted in the jury's awarding inadequate damages also affected its verdict on the
question of liability. Balestri v. Terminal Freight Cooperative, 76 Ill. 2d 451, 457,
394 N.E.2d 391. In the present case, the record amply supports the jury's verdict on
the liability issue. The issues of damages and liability are separate and distinct, as
both parties conceded this during the oral argument of this case. Furthermore, the
record shows that the jury did not reach a compromise verdict, nor did the verdict
affect the liability question. We, therefore, find that the requisite elements are
present in this case, and accordingly grant a new trial as to the issue of damages only
in regard to Harold's claims. We note that our decision does not impact the damages
award and judgment entered in favor of Sandra Kravcik. 
 On cross-appeal, defendants argue that the judgments in favor of each plaintiff
must be reduced by the prior settlements in order to prevent double recovery and to
protect the financial interests of non-settling defendants. Plaintiffs respond by
stating that the burden is on defendants to prove the allocation of the settlements
between Harold and Sandra. Since this burden was not met, plaintiffs submit that
defendants are not entitled to a setoff. We agree. 
 The Joint Tortfeasor Contribution Act (Act) (Ill. Rev. Stat. 1987, ch. 70, par.
300 et seq. (now 740 ILCS 100/1 et seq. (West 1992))) provides that a settlement
between one joint tortfeasor and a plaintiff will result in a setoff in the amount of the
settlement against any judgment entered against nonsettling tortfeasors, even if the
plaintiff's award is thereby reduced to zero dollars. Pasquale v. Speed Products
Engineering, 166 Ill. 2d 337, 368, 654 N.E.2d 1365; Kipnis v. Meltzer, 253 Ill. App.
3d 67, 68, 625 N.E.2d 320 (1993). Under the Act, while a nonsettling tortfeasor might
seek to utilize the entire amount of a prior settlement as a setoff, the only amounts
that may normally be applied are those which compensated for the same injury for
which the tortfeasor was ultimately found liable. Pasquale, 166 Ill. 2d at 369, 654
N.E.2d 1365; Patton v. Carbondale Clinic, 161 Ill. 2d 357, 366, 641 N.E.2d 427 (1994). 
The Act codifies the hoary tenet that a plaintiff may have only one satisfaction for an
injury, regardless of whether multiple theories of recovery are sought for the injury. 
Kipnis, 253 Ill. App. 3d at 68. Furthermore, our supreme court has emphasized two
policy considerations for the issue of setoff for prior settlements; they are to prevent
double recovery and to protect the financial interests of non-settling defendants. 
Wilson v. Hoffman, 131 Ill. 2d 308, 322, 546 N.E.2d 524. 
 A recent supreme court case held that, generally, the party seeking the setoff
bears the burden of proving what portion of a prior settlement was allocated or is
attributable to the claim for which he is liable. Pasquale, 166 Ill. 2d at 369, 654
N.E.2d 1365 (1995) citing Kipnis, 253 Ill. App. 3d at 68, 625 N.E.2d 320. Setoffs
must normally be pleaded. The supreme court, however, has previously found that
where a plaintiff recovers for several injuries in a previous lawsuit and fails to
apportion damages accordingly, a subsequent defendant may be relieved of this
burden. Pasquale, 166 Ill. 2d at 369, 654 N.E.2d 1365 citing Patton v. Carbondale
Clinic, 161 Ill. 2d 357, 641 N.E.2d 427 (1994). 
 Defendants rely on Patton to support their arguments. Yet, we believe that
Patton was a narrow ruling and will not be broadened by this court. It is also
factually distinguishable from the case before us. In Patton, Susanne Patton, now
deceased, was a passenger in a vehicle involved in an accident. The decedent was
taken to a hospital, where she was negligently treated by the medical staff. The
decedent had been released prematurely, and was readmitted for emergency surgery
shortly thereafter and died three days later. The plaintiff's decedent, Susanne's
mother, filed suit against the driver of the car, the maker of the car, and the doctors
who treated Susanne. Two of the defendants settled with the plaintiff in good faith
and were dismissed. The nonsettling tortfeasors, the doctors, proceeded to trial. 
Ultimately, the jury awarded the plaintiff $700,000 in damages and the court held
that the defendants were not entitled to a setoff. The supreme court reversed the
trial and appellate courts upon finding that two separate injuries existed: (1) the
injury from the accident; and (2) the injury from the defendants' negligent treatment
of the first injury. Patton, 161 Ill. 2d at 366. Susanne's injuries were divisible, yet
it was impossible for the court to determine the amount of the settlement recovered
for each injury. Patton, 161 Ill. 2d at 370. Since several injuries existed, the
supreme court held that the defendants should not bear the burden of the plaintiff's
failure to properly allocate the settlement. Patton, 161 Ill. 2d at 371, 373. 
Accordingly, it held that the defendants were entitled to an entire setoff of the prior
settlements. Patton, 161 Ill. 2d 373.
 Unlike Patton, Harold and Sandra were awarded damages for Harold's head
injury sustained on December 15, 1986, which was a single indivisible injury. There
did not exist several injuries, but rather multiple theories of recovery. Thus, under
both Patton and Pasquale, it is defendants who have the burden of establishing the
amount of the settlements which Harold actually received from Hascek-Melville,
Osmond, Crossfield Products, and Dex-O-Tex in order to be entitled to a setoff. 
Defendants have not met this burden. Defendants have failed to establish that
plaintiffs have in fact been compensated twice. Most importantly, defendants have
failed to request a good faith hearing to determine the allocation of the damages
award between plaintiffs. Thus, defendants have not proved nor plead their
entitlement to setoffs. We are not persuaded by defendants arguments that our
decision creates "an impossible solution" nor does it create loopholes. We simply
applied the law as it stands. Accordingly, we affirm the trial court's decision in
finding that as a matter of law, defendants are not entitled to a set-off against the
verdict entered in favor of each plaintiff for the amounts recited in the prior
settlements. 
 For the foregoing reasons, we affirm in part and reverse in part the judgment
of the circuit court and remand this cause to the circuit court for a new trial on the
issue of Harold's damages only, and for further proceedings consistent with the views
contained herein.
 Affirmed in part; reversed in part; and remanded with directions. 
 GREIMAN and CERDA, JJ., concur.